No. 35,310

In the Matter of the Application for a Writ of Habeas Corpus of JEFFERSON GRAVES (alias JEFFERSON MACKEY), *Petitioner,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent.*

(118 P. 2d 542)

Opinion filed November 8, 1941.

*Jefferson Graves* pro se.

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general. for the respondent.

The opinion of the court was delivered by

DAWSON, C. J.: The petitioner is incarcerated in the penitentiary and seeks his liberty under our writ of habeas corpus, basing his right thereto on certain allegations of fact set out in his application for the writ and accompanying papers. In his answer and return to the writ the warden supplies authenticated copies of certain official records of the penitentiary pertinent to the matters involved.

It appears that on September 2, 1930, defendant was prosecuted, tried before a jury, and convicted in the district court of Franklin county of the felonious crime of assault with intent to rob. Judgment and sentence were imposed on the petitioner for his confinement in the penitentiary for a term of from one to five years. No

intimation of irregularity in these proceedings is suggested. He entered the penitentiary on September 12, 1930, and was paroled therefrom on August 21, 1931, upon the usual conditions, which, among other matters, required him to report on the 25th day of each month by registered letter to the parole officer of the penitentiary. This duty as a parolee the petitioner promptly disregarded, and on September 1, 1931, the prison board declared him to be a delinquent and ordered his arrest, "the same as though the said delinquent was an escaped prisoner, and that he be returned to the Kansas State Penitentiary to serve out his unexpired term."

The whereabouts of the petitioner were unknown to the prison authorities for several years, although in the interim he was once in the toils of the local police in Yates Center, where he pleaded guilty to a charge of maintaining a prostitute and was fined $10 and costs.

On September 11, 1939, in the district court of Montgomery county, the petitioner was prosecuted, tried, convicted and sentenced to a year's imprisonment in the penitentiary for the crime of persistent violation of the prohibitory law. When the sheriff of Montgomery county, on or about September 11, 1939, delivered the petitioner at the penitentiary, he was immediately booked as a parole violator to serve out the unexpired portion of his sentence of 1930 imposed by the district court of Franklin county.

On October 4, 1940, the prison board set aside its order of September, 1931, declaring petitioner delinquent, and allowed him to receive credit as though he had not been declared delinquent. The formal order of the board dated October 5, 1940, reads:

"(OCTOBER 1940 SPECIAL BOARD CASE)

"ORDERED: By State Board of Administration, that the order declaring this subject Jefferson Graves, No. 1746, delinquent be set aside, and giving him credit for said time on parole, and it is also ordered by the board that he should be rebooked on new charge from Montgomery county, Kansas; sentenced September 30th, 1939; Crime, pers. viol. liquor law; term one year, said order to become effective immediately."

A citizenship pardon by the governor for the petitioner's crime and conviction in Franklin county followed as a matter of usual routine; and when this occurred the petitioner was booked to serve the year's sentence imposed on him for his crime committed in Montgomery county.

What is wrong with all this? The petitioner reasons in this wise: His sentence to a term of from one to five years for his Franklin

county crime began on October 12, 1930. According to his theory it must have expired not later than October 12, 1935, less whatever deductions he might be allowed for good behavior—which he argues would have entitled him to his final discharge sometime in September, 1935. Petitioner contends that he served the full five years by twelve months actual incarceration in the prison and the remainder of the time on parole! However, within four days of the time he was paroled, which was on August 21, 1931, he violated the simplest and most fundamental of its terms, which was that on the 25th day of each month he should report by registered letter to the parole officer of the prison. This he did not do; he wholly failed to report his whereabouts and doings and was delinquent in every respect thereof for eight years and sixteen days, according to the penitentiary records. In his application for the writ petitioner alleged that "he never violated his parole at any time in the eight (8) years he was paroled from the Kansas state penitentiary." This gratuitous statement can receive no credence against the record; and indeed, since the warden made his answer to the application for the writ, which was on June 11, 1941, setting up the foregoing record facts, petitioner has filed no reply nor made other effort to meet this dilemma. The pertinent statute reads, in part, thus:

"If any prisoner shall violate the conditions of his parole or release as fixed by the prison board, he shall be declared a delinquent, and shall thereafter be treated as an escaped prisoner owing service to the state, and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served; . . ." (G. S. 1935, 62-1528.)

Petitioner also contends that the time he has served in the penitentiary since his reincarceration on September 11, 1939, to serve the balance of his Franklin county sentence of 1930 should be credited to the term of his Montgomery county sentence of 1939, which would have the effect of completing the latter sentence prior to the time this proceeding was begun, May 29, 1941. This contention cannot be sustained. The pertinent statute further provides:

"And any prisoner at large upon parole or conditional release, who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence." (G. S. 1935, 62-1528.)

Petitioner's term of imprisonment pursuant to the judgment and sentence of the district court of Montgomery county began on October 5, 1940. Consequently he was not entitled to his discharge by habeas corpus when this proceeding was begun.

The writ is denied.