No. 37,267

VICTOR OSBORNE, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(197 P. 2d 949)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: Petitioner institutes this original proceeding for a writ of habeas corpus to procure his release from the penitentiary.

The facts giving rise to his contention that his imprisonment is unlawful are generally not in dispute. Under date of April 22, 1938, petitioner was convicted in the district court of Franklin county of the crime of perjury (G. S. 1935, 21-701), and was sentenced to the penitentiary until discharged according to law. The maximum sentence for the offense is seven years (G. S. 1935, 21-702). Under date of June 1, 1939, he was paroled. Under date of February 10, 1941, his parole was revoked by the board of administration because he became delinquent by reason of being confined in the Jackson county, Missouri, jail for a term of six months, and a warrant was issued for his arrest as a parole violator. In the latter part of 1941 he was in jail in Jackson county, Missouri, and sometime in December he procured a writ of habeas corpus returnable January 29, 1942. Without noticing other imprisonments disclosed by the record, it is noted that in April, 1946, he was committed to the federal prison at Leavenworth from which he was released on January 26, 1947. On the last-mentioned date he was recommitted to the Kansas state penitentiary.

Petitioner, in his petition, alleges that he is entitled to the writ of habeas corpus for the reason that he is not a parole violator as that matter was settled in the habeas corpus proceeding which he in-

stituted in Jackson county, Missouri, in December, 1941; that the fugitive warrant against him has not been kept alive; that the officials of Kansas knew where he was and failed to issue a fugitive warrant for him; that his sentence on the charge of perjury has expired; that he is now in jeopardy on an invalid, void and expired commitment; that he was given an out-of-state parole and violated no terms of it within the state of Kansas; that he was returned to the Kansas penitentiary without waiving his rights and without any court hearing to determine his rights; and that the procedure was unconstitutional under the fifth and fourteenth amendments to the constitution of the United States and contrary to federal laws.

The respondent filed his answer alleging the original commitment, the fact petitioner was paroled, the parole revoked, an order for arrest issued, and that the petitioner had not fully served his sentence and was lawfully confined by the respondent. A copy of petitioner's criminal and prison record was attached to the answer.

Petitioner's motion that counsel be appointed to defend him was allowed and Wm. C. Karnazes, a reputable and competent attorney, was appointed to represent him and on his behalf has filed a brief and orally argued the cause. In his brief the petitioner states the question presented is that he is not a parole violator as alleged in the order of the board of administration, and that being the case, his sentence has expired and he should be released.

The essence of petitioner's complaint is that he did not, while in Kansas, violate the conditions of his parole, and that his incarceration in the Jackson county, Missouri, jail was no violation of his Kansas parole; that the parole never having been lawfully revoked, his time continued to run and his sentence has expired. He argues further that his status was determined in the habeas corpus proceeding in Jackson county, Missouri. The last contention is not good. The state of Kansas and none of its officials were parties to that proceeding—all that was involved was the right of the Missouri authorities to hold him presumably for some offense against the laws of that state, for the record discloses nothing to the contrary.

Taking up petitioner's contention that he did not violate his parole in Kansas, and therefore its revocation by the board of administration was unlawful and without effect, we are first confronted with the fact that at no place in the record has petitioner made it appear that he received a parole that permitted him to leave the state, nor that it was so circumscribed that it could only be

revoked in the event he violated the laws of Kansas within the state of Kansas. That burden was upon him and he has not sustained it. See *Bissell v. Amrine,* 159 Kan. 358, 155 P. 2d 413, and cases cited; also, *Downs v. Hudspeth,* 162 Kan. 575, 178 P. 2d 219. Under the record presented it has not been made to appear that petitioner's parole was not properly revoked.

The other questions presented need no exhaustive treatment. When the parole had been revoked, petitioner was thereafter to be dealt with as an escaped prisoner and until he was again committed to the penitentiary he was not to be considered as serving his sentence (*In re Graves,* 154 Kan. 407, 118 P. 2d 542). Petitioner's sentence may not be held to have expired prior to his recommitment in January, 1947.

Neither does the record warrant any conclusion that petitioner is entitled to his liberty because he was not sooner apprehended. Without elaboration, it may be said that his prison record discloses that since the date of revocation of his parole he has been in jail in Missouri, in the penitentiary in Missouri, and the federal prison at Leavenworth, and that the state finally apprehended him when he was released from the last-named institution, and at that time there was no occasion to have any extradition proceedings for petitioner was in this state.

Petitioner's allegation that he has been deprived of rights under the constitution of the United States is not supported by any argument. A careful perusal of the record does not disclose any deprivation.

Consideration of the record compels the conclusion that the petitioner is not entitled to the writ prayed for and it is ordered that his prayer be denied.