No. 38,613

HAROLD M. CRAVEN, *Appellant*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, et al., *Appellees*.

(242 P. 2d 823)

Opinion filed April 12, 1952.

*Harold M. Craven*, appellant, was on the briefs *pro se*.

*Harold R. Fatzer*, attorney general, *Paul E. Wilson*, assistant attorney general, and *Colonel H. Boone*, county attorney, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Harold M. Craven filed his petition in the district court of Leavenworth county for a writ of habeas corpus to procure his release from the state penitentiary. The warden of the penitentiary answered, a trial was had, petitioner was denied relief and he has appealed to this court.

As set forth in his petition the gist of plaintiff's allegations that he was entitled to his discharge was that on January 13, 1942, the district court of Sedgwick county sentenced him to the state penitentiary for a term of from five to ten years, and under the statutes allowing time credits, he was entitled to his discharge on September 30, 1948; that under the statutes of Kansas (G. S. 1949, 62-1518) his time for service to the state commenced on the date of his sentence; that the respondent computed the commencement of his sentence as of September 30, 1948, and in violation of plaintiff's rights under the fifth, sixth and fourteenth amendments of the constitution of the United States and the sixth and eighth sections of the bill of rights of the constitution of the state of Kansas; that his sentence had expired and he was entitled to his release and he prayed for such relief.

The respondents answered, alleging that on October 12, 1932, plaintiff had been convicted of a felony in the district court of Sedgwick county, and sentenced to the state penitentiary for a term of from ten to twenty-one years; that on July 1, 1941, he had been paroled; that while he was on parole and on January 13, 1942, he was convicted of a felony in the district court of Sedgwick county and sentenced to the state penitentiary for a term of from five to ten years (this is the sentence alleged in plaintiff's petition); that on January 18, 1942, plaintiff was declared delinquent and returned to the state penitentiary as a parole violator; that when he was received at the penitentiary on January 18, 1942, as a parole violator he was required to finish the sentence imposed on him on October 12, 1932; that he was discharged from this sentence on September 30, 1948, and at that date he was booked and started serving the sentence imposed on him on January 13, 1942; that the term fixed by this last sentence had not expired nor had it been commuted by the governor of the state of Kansas, and that plaintiff was not entitled to his discharge.

We pause here to note that under G. S. 1949, 62-1528, originally enacted as Laws 1903, chapter 375, section 8, and never since

amended, it is provided, in substance, that if any prisoner shall violate the conditions of his parole he shall be declared a delinquent and treated as an escaped prisoner owing service to the state, and when arrested shall be liable to serve the unexpired term of his maximum possible sentence, and that any prisoner upon parole, who shall commit a fresh crime and upon conviction thereof shall be sentenced to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, the second sentence to commence from the termination of his liability upon the first or former sentence.

At the trial in the district court there was no dispute of fact. Plaintiff there made two contentions, one that the trial judge in sentencing him on January 13, 1942, did not specify his sentence then imposed should not conmmence until he had fully served the first sentence, and that G. S. 1949, 62-1528, above mentioned; could not be retroactively applied to him. Although not clearly shown, plaintiff apparently believed that because the statute above mentioned was printed in the 1949 statutes, it was a new enactment in 1949. As has been noted, the trial judge denied the writ.

In this court the plaintiff does not urge any question that the trial court must have provided the sentences should run consecutively. The fact is that when sentence was imposed, on January 13, 1942, he had not then been declared a delinquent, that did not occur until January 18, 1942, when he was returned to the penitentiary. Plaintiff's contention that G. S. 1949, 62-1528, has been retroactively applied to him is based on his misapprehension that that section was not enacted until 1949, for it has been the law since 1903. There was no retroactive application of the statute. There is no doubt that under the above statute and under our decisions, when a person has been convicted of a felony and sentenced to the penitentiary where he is confined and thereafter receives a parole before completing his sentence, and while on parole commits a fresh crime of which he is convicted and for which he is sentenced, that upon his being declared delinquent and arrested and returned to the penitentiary, he must serve the unexpired term of his maximum possible imprisonment under his former sentence before commencing to serve his second sentence (*Wears v. Hudspeth,* 167 Kan. 191, 205 P. 2d 1188; and *In re Graves,* 154 Kan. 407, 118 P. 2d 542). Other than that the statute mentioned may not be retroactively applied, plaintiff makes no contention that he is deprived of any

right guaranteed to him by the constitution of the United States or by the constitution of this state. We have no hesitancy in holding that plaintiff was not and is not entitled to his release on the grounds just discussed.

Although not alleged in his petition, and apparently not raised in the trial court, plaintiff here contends that the judgment of the trial court of January 13, 1942, as reflected in the journal entry, was insufficient to warrant his incarceration for the reason the journal entry does not contain a statement of the statute under which he was sentenced as provided by the statute which now appears as G. S. 1949, 62-1516. There is no contention that the sentence imposed is not one provided for by the statute, merely that the statute is not specifically mentioned. The defect is formal and may be corrected by a *nunc pro tunc* order. See *Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165, and numerous other decisions mentioned in the annotations to the above section in our 1949 statutes.

The judgment of the trial court denying the writ of habeas corpus is affirmed.