No. 43,648

RICHARD L. DUNN, *Appellant,* v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(386 P. 2d 228)

Opinion filed November 2, 1963.

*Richard L. Dunn,* petitioner, was on the briefs *pro se.*

*Richard H. Seaton,* Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, and *Arthur E. Palmer,* Assistant Attorney General, of Topeka were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order of the district court of Leavenworth County denying a writ of habeas corpus. The petitioner is presently confined in the Kansas State Penitentiary upon a conviction of murder in the second degree. (G. S. 1949, 21-402.)

On May 14, 1953, in the presence of his attorneys, Charles A. Vance and John F. Kaster, the defendant entered his plea of guilty on two counts of murder in the second degree. He was sentenced by the district court of Seward County to two concurrent terms of from 15 to 30 years imprisonment at hard labor in the Kansas State Penitentiary. The statutes under which the sentence was imposed were not set forth in the journal entry.

The appellant contends his sentence is not authorized by law and was imposed in violation of G. S. 1949, 62-1521, the indeterminate sentence law, in effect at the time the appellant was sentenced. Appellant also contends that because the journal entry does not recite the statutes under which the sentence was imposed, the sentence is void.

The pertinent part of G. S. 1949, 21-403, providing the penalty for murder in the second degree, reads: ". . . Those convicted of murder in the second degree shall be punished by confinement and hard labor *for not less than* ten years." (Emphasis supplied.)

G. S. 1949, 21-109, provides in part:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed . . ."

The quoted provisions of the foregoing statutes have been in

force in this state since 1868, and in a *per curiam* opinion filed in 1879 (*State v. Pierce*, 23 Kan. 153), this court held that those two statutes must be construed together. The Pierce case was also one where the defendant had been convicted of murder in the second degree. In the opinion it was said:

"A general assertion is made that § 8, ch. 31, Comp. Laws 1879 (G. S. 1949, 21-403), is unconstitutional, and void. No reasons are given nor any argument presented in support of this view. Said section fixes the minimum penalty for those convicted of murder in the second degree, and the maximum penalty is fixed by § 291 of the same chapter. (G. S. 1949, 21-109.) Secs. 8 and 291 are to be construed together. These sections are valid, and constitutional." (1. c. 154.)

The point has not since been raised, but the decision is obviously correct and we reaffirm its holding. The rule stated is simple—where the statute prescribing the penalty provides only for a minimum term of imprisonment, the district court may order any sentence not less than the minimum prescribed.

The appellant's contention that his sentence of confinement and hard labor in the Kansas State Penitentiary was imposed in violation of G. S. 1949, 62-1521, the indeterminate sentence statute, is not well taken. The short answer to the contention is that the statute expressly provides that it is inapplicable to the crimes of murder and treason.

G. S. 1949, 62-1516 expressly provides that upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, which record, among other things, shall contain a statement of the offense charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute. This court has consistently held in a long line of decisions that the failure of the district court to comply with this provision with respect to enumerating the statutes under which sentence was imposed does not void the sentence. The defect is a formal one which may be corrected by a *nunc pro tunc* order. See *Wilson v. Hudspeth*, 165 Kan. 666, 198 P. 2d 165, certiorari denied 335 U. S. 909, 93 L. Ed. 442, 69 S. Ct. 410, rehearing denied 336 U. S. 911, 93 L. Ed. 1075, 69 S. Ct. 511; *Craven v. Hudspeth*, 172 Kan. 731, 743, 242 P. 2d 823, and *Browning v. Hand*, 184 Kan. 365, 366, 336 P. 2d 409, 361 U. S. 926, 4 L. Ed. 2d 240, 80 S. Ct. 295.

During oral argument we were advised that the journal entry has not been corrected to recite the statutes under which the judgment was rendered and sentence imposed. The Attorney General

is directed to take proper steps in the district court of Seward County to make the journal entry comply in all respects with G. S. 1949, 62-1516 in accordance with the procedure outlined in *Wilson v. Hudspeth,* supra, p. 669. When the defect in the journal entry has been corrected, the Attorney General is further directed to file a certified copy of the *nunc pro tunc* order of the district court of Seward County with this court.

The record has been carefully examined and the appellant has failed to make it affirmatively appear that any error was committed by the district court of Leavenworth County in denying the writ of habeas corpus, and that judgment is affirmed.