No. 44,090

State of Kansas, *Appellee*, v. Virgil W. Akins, Sr., *Appellant*.

(399 P. 2d 848)

Opinion
filed March 6, 1965.

*Frank W. Liebert*, of Coffeyville, argued the cause, and *T. Richard Liebert*, of Coffeyville, was with him on the brief for the appellant.

*B. D. Watson*, county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, and *Monte K. Heasty*, asssistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: Virgil W. Akins, Sr., defendant, was charged in an information with murder as defined by G. S. 1949, 21-402, now appearing as K. S. A. 21-402. He entered a plea of guilty to murder in the second degree and was sentenced to confinement at hard labor in the state penitentiary for life under the provisions of G. S. 1949, 21-403 and 21-109, now appearing as K. S. A. 21-403 and 21-109. Except as otherwise indicated herein, all statutes will be referred to as K. S. A.

Defendant appeals from the judgment and sentence, contending only that the trial court erred in imposing a sentence of life imprisonment instead of fixing the minimum sentence of not less than ten years and a maximum of life, as provided by K. S. A. 62-2239.

The pertinent part of K. S. A. 21-403 providing the penalty for murder in the second degree reads:

". . . Those convicted of murder in the second degree shall be punished by confinement and hard labor for not less than ten years."

and K. S. A. 21-109 provides:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of

years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; . . ."

In imposing the penalty for those convicted of murder in the second degree, the mentioned statutes are to be construed together, and the trial court may order any sentence to be imposed not less than the minimum prescribed. (*Dunn v. Crouse,* 192 Kan. 180, 386 P. 2d 228.)

It was held in *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945:

"Under the provisions of G. S. 1949, 21-109, whenever an offender is declared by law punishable, upon conviction, by confinement and hard labor for a term of not less than any specified number of years and no limit to the duration of such imprisonment or confinement is declared, he may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed." (Syl. ¶ 3.)

See, also, *State v. Fountaine,* 188 Kan. 190, 360 P. 2d 1119; *Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582.

Defendant contends his sentence to confinement for life was imposed in violation of K. S. A. 62-2239, the pertinent provisions being:

"Whenever any person has been found guilty of a crime or offense upon verdict or plea, the court may adjudge as follows:

. . . . . . . . . . . .

(5) commit the defendant to an institution . . . for confinement or execution, as provided by law for the offense. . . .

"In committing a defendant to an institution, the court shall not fix a maximum term of imprisonment, but the maximum term provided by law for the offense for which the prisoner was convicted and sentenced shall apply in each case: *Provided,* In those cases where the law does not fix a maximum term of imprisonment for the offense for which the prisoner was convicted and sentenced, the court shall fix the maximum term of imprisonment."

Defendant asserts the particular wording of the quoted section prohibits the trial court from sentencing him to life imprisonment for murder in the second degree, that it requires a ten-year minimum and a maximum term be set by the court, and therefore, the sentence imposed is void. Defendant's contention is without merit. An analysis of the mentioned section refutes defendant's contention. The statute clearly says defendant shall be committed to an institution for confinement as provided by law for the offense. In the instant case sections 21-403 and 21-109 provide the penalty for the offense of murder in the second degree. The last-mentioned statutes provide that in imposing sentence where no maximum sentence is provided, the offender may be sentenced to imprisonment during

his natural life. The provisions of section 62-2239 do not conflict with, alter, or repeal directly or by implication sections 21-403 and 21-109. At no place in section 62-2239 is it required the trial court fix a minimum term of imprisonment under the facts in the instant case, nor does the section require the court to sentence a defendant in the wording of the statute as defendant contends.

The provisions of G. S. 1961 Supp., 62-2239, did authorize the trial court in its discretion to fix a minimum term of imprisonment. However, that provision was struck down in *State v. O'Connor*, 186 Kan. 718, 353 P. 2d 214, and in 1963 the legislature, in keeping with our decision, repassed section 62-2239 absent the objectionable language.

The penalty for murder in the second degree (21-403) is similar to certain provisions of the habitual criminal act, K. S. A. 21-107a. Under certain circumstances, both statutes provided sentences for terms not less than a definite number of years and place no limit on the confinement. This court discussed at length the application of 62-2239 to 21-107a in *State v. Wood*, 190 Kan. 778, 792, 378 P. 2d 536, and what was said there is applicable here.

After a careful examination of the aforementioned statutes and our decisions, we find nothing in defendant's contentions to justify a reversal of the case or a revision of the sentence imposed. It follows that the judgment and sentence of the trial court is affirmed.

It is so ordered.