No. 44,264

HARMON LEITH BLACKSMITH, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(407 P. 2d 486)

Opinion filed November 6, 1965.

*Dan R. Aul,* of Sabetha, argued the cause and was on the brief for the appellant.

*Thomas L. Medill, Jr.,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507 in which the district court of Nemaha County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The only question raised by the petitioner, an indigent, is whether he was entitled to court-appointed counsel at his preliminary hearing in the criminal proceeding which resulted in his conviction.

The petitioner was charged with three counts of burglary in the second degree. On October 1, 1963, pursuant to such charges the

petitioner was brought before a justice of the peace in and for the city of Seneca, Nemaha County, Kansas, for his preliminary hearing. No verbatim record was made of the proceedings conducted at the preliminary hearing, but the journal entry discloses the petitioner was not represented by counsel or asked if he wished to retain counsel. The petitioner waived a reading of the complaint and also waived the preliminary hearing, following which he was bound over for trial to the district court. Thereupon an information was filed in the district court of Nemaha County, Kansas, charging the petitioner with burglary in the second degree in three separate counts.

At the petitioner's arraignment in the district court on the 21st day of October, 1963, the petitioner appeared without counsel. The court, after advising him of his right to counsel and ascertaining that the petitioner was an indigent, appointed counsel to represent him. After consulting with his court-appointed counsel, the petitioner waived a reading of the information and entered a voluntary plea of guilty to each count of burglary in the second degree as set forth in the information.

After pronouncing sentence the trial court informed the petitioner that, even though he had entered a plea of guilty, he had the right to appeal to the Kansas Supreme Court, and if he was not able to employ counsel, to have counsel appointed to assist him in such appeal. Upon inquiry by the court the petitioner answered that he understood his rights.

In due course, pursuant to the sentence, the petitioner was taken to the Kansas State Penitentiary to serve his sentence. On the 21st day of December, 1964, he filed his motion for discharge in accordance with K. S. A. 60-1507 (a). The petitioner's motion was filed in compliance with the provisions of Rule No. 121 (e) on a form provided by the court. It raised the single question heretofore stated.

The trial court, after hearing this motion on the 7th day of January, 1965, denied it. The journal entry discloses that the trial court specifically found it was not necessary to appoint an attorney to represent the petitioner at the hearing on the motion; that all issues raised by the petitioner's motion could be determined from the files and records before the sentencing court; and that it was not necessary for the petitioner to be brought before the court for testimony. The court then recited in its journal entry what the

"Court Docket Trial Sheet" disclosed in the criminal proceeding which resulted in the petitioner's conviction.

The petitioner thereafter filed a motion for rehearing in which he complained because he was not represented by counsel and was not given an evidentiary hearing. This motion was denied on the 18th day of January, 1965.

On the 8th day of February, 1965, the petitioner filed a notice of appeal to the Kansas Supreme Court and a motion for the appointment of counsel to represent him on appeal. On the same day the trial court appointed counsel for him. With the assistance of counsel his appeal to this court has been duly perfected.

The only point urged by the appellant on this appeal for a reversal of the trial court's order denying his motion for discharge is that he was not represented by counsel at his preliminary hearing in the criminal proceeding. The appellant's counsel relies on many of the familiar federal decisions. These decisions have been cited to the court recently on numerous occasions where the question here presented has been determined adversely to the appellant.

Our court has held under Kansas law that failure to appoint counsel for an indigent defendant in a criminal proceeding at a preliminary examination is not error. It has further held that any so-called alleged "irregularity" pertaining to a preliminary examination is deemed to have been waived where a defendant in a criminal proceeding enters a voluntary plea of guilty in the trial court. A case almost identical to the instant case on the facts is *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743, where the recent decisions of this court on the point in question are cited. We adhere to these decisions.

In the instant case counsel was not appointed for the appellant, an indigent, to present his motion for discharge under 60-1507, *supra,* in the sentencing court, while in *State v. Blacksmith,* supra, counsel was appointed to represent the petitioner in the sentencing court. This is the only fact at variance in the two cases. Under the facts and circumstances presented in the instant case, and under the present state of the law in Kansas, this variance is immaterial.

Where a proceeding is brought under the provisions of K. S. A. 60-1507 and the files and records of the case in the sentencing court conclusively show that the petitioner is not entitled to relief, it is not required that a formal plenary hearing be had, or that counsel be appointed for the petitioner, or that the petitioner be

produced for a hearing. (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971.)

We hold in the instant case that the files and records before the trial court, as presented by the record on appeal, conclusively show that the appellant is not entitled to discharge from the sentence under which he is serving for the reasons stated in his petition, and that the trial court properly found, pursuant to 60-1507, *supra,* and Rule No. 121 (194 Kan. xxvii) of this court (1) that it was unnecessary to appoint counsel to represent the appellant in the sentencing court at the hearing on his motion filed pursuant to 60-1507, *supra;* (2) that all issues raised by the appellant in his motion could be determined from the records before the trial court; and (3) that it was not necessary for the appellant to be brought before the court for a plenary hearing.

The judgment of the lower court is affirmed.