No. 44,714

JACK WASHINGTON, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(419 P. 2d 639)

Opinion filed November 5, 1966.

*James M. Barnett,* of Kansas City, argued the cause and *Albert M. Ross, Harold K. Wells* and *Ray Sandy Sutton,* all of Kansas City, were with him on the brief for the appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, and *Leo J. Moroney,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: In 1964, petitioner, Jack Washington, was convicted on three counts of robbery in the first degree, and was sentenced to confinement in the penitentiary. He later filed a motion under the provisions of K. S. A. 60-1507 to vacate and set aside the judgment and sentence. This appeal is from an order denying his motion.

Four contentions are made—(1) that at the time of his arrest petitioner was not allowed to consult with an attorney and was not informed of his right to counsel; (2) at his "arraignment" in the city court he was without counsel and was not advised of his right to counsel; (3) at his preliminary examination (in the city court) petitioner was represented by an attorney who, due to illness and advanced age, was incompetent and unable to protect his rights, and (4) petitioner was not personally present at the hearing on his motion to vacate and set aside the judgment and sentence.

The first three contentions are completely refuted by the record—which shows the following:

Petitioner was arrested late on a Saturday night. The next day he was permitted to call a friend and an attorney was retained for him. On Monday, and also on other occasions, the attorney consulted with petitioner while he was in jail. Petitioner was advised by the officers of his rights and of his right not to make a statement.

He made no statements or admissions which were later used as evidence against him. The retained attorney represented petitioner at his preliminary examination—which was waived. That attorney, although well along in years—was at the time actively engaged in the practice of law, and, other than petitioner's bald statements, there is nothing in the record to show that he was in any respect incapable of properly representing petitioner. At his trial in district court petitioner was represented by court appointed counsel, and no complaint was made as to any matter pertaining to his preliminary examination.

Counsel who represented petitioner at his trial was appointed to represent him at the hearing on the motion brought under K. S. A. 60-1507 to vacate and set aside the judgment and sentence. Counsel appeared at the hearing, which was before the judge who had presided at the trial. No question was raised and no complaint was made as to any matter occurring at petitioner's trial. At the conclusion of the hearing the court denied relief and in doing so made findings of fact and conclusions of law as to matters above mentioned.

As stated, petitioner now asserts error because he was not personally present at the hearing on his motion to vacate and set aside the judgment and sentence. The contention is without merit. The question as to when and under what circumstances a prisoner seeking relief under K. S. A. 60-1507 is entitled to be personally present at the hearing on the motion has been discussed in a number of cases (*State v. Burnett*, 194 Kan. 645, 400 P. 2d 971, *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486, *Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U S 957, 16 L ed 2d 552, 86 S Ct 1581), and it is unnecessary to repeat what was there said and held. Under the issues and matters raised by petitioner's motion to vacate and set aside there was no occasion for his personal presence at the hearing. There is nothing in the record to indicate that petitioner's rights were not properly protected throughout his preliminary examination, the trial, and subsequent proceedings. The judgment is affirmed.