No. 44,416

ABRAHAM J. CRAIG, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(422 P. 2d 955)

Opinion filed January 21, 1967.

*Jimmie E. Grey,* of Wichita, argued the cause and was on the brief for the appellant.

*Tyler C. Lockett,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Abraham J. Craig is now serving sentence in the state penitentiary for burglary and larceny. He began the present proceedings on January 15, 1965, by filing motion to vacate sentence under K. S. A. 60-1507. The district court considered and denied this motion February 19, 1965, without an evidentiary hearing. This appeal is from the order denying the relief prayed for in the motion filed January 15, 1965.

A previous motion to vacate was filed in the Sedgwick county district court and denied August 31, 1964. No appeal was taken from that order. The appellant's abstract erroneously includes a copy of this first motion. We have obtained a certified copy of the motion to vacate which was denied by the District Court of Sedgwick County on February 19, 1965. All references in this opinion to the motion to vacate will relate to the motion filed in the court below on January 15, 1965.

The factual background necessary to understand the points raised in the present appeal begins on August 23, 1963, when appellant was taken before a magistrate. At that time preliminary hearing

was set for September 3, 1963. Bail was required in the amount of $5,000.00. Craig posted bond then failed to appear for his hearing. Three months later he was apprehended. Craig was interrogated by the police officers and brought before the magistrate a second time. Preliminary hearing was reset for December 23 and bail was set at $50,000. Counsel was appointed for Craig and the hearing was postponed one week. The preliminary hearing was waived on December 30, 1963, in the presence of counsel and Craig was bound over to the district court on $5,000 bond. Craig entered a plea of guilty in the district court as is shown by the following portion of the transcript of court proceedings:

"THE COURT: At this time do you care to enter your plea?

"THE DEFENDANT: Well, I wondered what the two counts of burglary was?

"MR. GOODWIN: One count, Your Honor, a combined count of burglary and larceny in connection with that burglary.

"THE COURT: One count, burglary and larceny, so it's two counts combined in one count, but two different sentences and two different crimes.

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that now?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand the penalty that goes with it?

"THE DEFENDANT: Yes, sir.

"THE COURT: At this time do you care to plead, and if so, how do you plead?

"THE DEFENDANT: I plead guilty.

"THE COURT: You plead guilty to burglary in the second degree because you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you plead guilty to larceny in connection with burglary because you're guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you know of any reason why sentence should not now be pronounced?

"THE DEFENDANT: No, sir."

In the motion to vacate sentence appellant urged a violation of constitutional rights based upon the failure of the state to provide legal counsel prior to the preliminary hearing. He predicates this charge upon two occasions when he appeared before the magistrate. On both of these occasions a time for preliminary hearing was set and the amount of bail was fixed by the magistrate. Appellant did not request legal counsel be appointed. Permission to obtain legal counsel was never refused. Counsel was appointed and did appear with him when the preliminary hearing was waived.

This court has said the preliminary hearing is not a critical stage of the proceedings requiring appointment of counsel. (*Smith v. State,* 196 Kan. 438, 411 P. 2d 663.) Initial appearance before a magistrate to set the amount of bail pending preliminary hearing is primarily for the benefit of the accused so he may remain at large. This is a preliminary step in a preliminary hearing and appointment of counsel is not required.

It should also be noted that appellant waived any right to object to irregularities in the preliminary hearing by entering a plea of guilty in the district court. (*Blacksmith v. State,* 195 Kan. 523, 407 P. 2d 486.)

Appellant next contends his constitutional rights under the 8th Amendment to the Constitution of the United States were violated by requiring excessive bail. Originally the magistrate fixed bail at $5,000. Craig failed to appear for the preliminary hearing and forfeited his bond. Some three months later he was apprehended and brought before the magistrate a second time. A new date was set for preliminary hearing and the amount required for bail was raised to $50,000. Seven days later appellant appeared before the magistrate and waived the hearing. Appellant was then bound over to the district court for trial and the amount of his appearance bond was set at $5,000. The $50,000 bail requirement was in effect only seven days. The purpose of bail is to insure the presence of the prisoner at a future hearing. Since appellant did not appear at the time set originally it is apparent that $5,000 was insufficient for the purpose. The amount to be required in each case rests in the sound discretion of the presiding magistrate. The magistrate had justification for raising the amount of bail required in this case and we do not find the amount of bail required was excessive under the circumstances. The requirement of bail was an inherent part of the preliminary hearing. Any irregularity in the amount of bail required to insure the presence of the accused at a preliminary hearing is waived by the accused when he enters a plea of guilty in the district court. (*Bergin v. State,* 194 Kan. 656, 400 P. 2d 978.)

In the motion to vacate appellant stated:

"(*a*) Evidence had been introduced that your petitioner confessed that he committed the offense charged in the information. which he denies that he freely and voluntairly (sic) made the statements attributed to him, he claims that what ever (sic) statements made by him, were not freely or voluntairly (sic) made, but induced and made by reasons of promises, threats of injury to him and by beating him and putting him in duress and fear of bodily harm."

The appellant waived preliminary hearing and entered a plea of guilty in the district court, so it is apparent those alleged statements and confessions were never used in court against him. In the motion he does not contend that these confessions were used to force and coerce him to plead guilty.

The colloquy between the appellant and the court at the time the plea of guilty was entered indicates to this court that every opportunity was given the appellant to raise his objections at that time. The answers which he gave to questions of the court do not lend credence to this belated attack upon the proceedings. The purpose of the allocution is to afford the accused an opportunity to present any complaint he may have against the integrity of the proceedings. Improper pressure or coercion if exerted by the police officers prior to preliminary hearing cannot reasonably be imputed to a plea of guilty given some weeks later in open court. (*Walsh v. State*, 195 Kan. 527, 407 P. 2d 516.)

As is frequently the case appellant questions the adequacy and effectiveness of court appointed counsel. Indigents receive valuable assistance from court appointed counsel, but the helping hand extended by such counsel is frequently bitten by the one to whom aid is tendered. The abstract in the present case indicates that appellant had a prior felony record which was not used to enhance the sentence under K. S. A. 21-107a. Many times the assistance of court appointed counsel results in a reduced sentence when there is little doubt as to the person's guilt. The record in this case shows that appellant received the assistance of court appointed counsel at the preliminary hearing, at the time of his plea and upon this appeal. Appellant's dissatisfaction with court appointed counsel is wholly unsupported by the record and he has failed to overcome the presumption that counsel fully and fairly represented the appellant. (*Kelly v. State*, 196 Kan. 428, 411 P. 2d 611.)

When the record and files in the trial court clearly refute the uncorroborated statements of the person convicted of crime it is unnecessary to have the person present before the court when a hearing is conducted on the motion to vacate sentence. (*McFarland v. State*, 196 Kan. 417, 411 P. 2d 658.)

If there are no disputed facts presented in the motion to vacate, other than unsupported statements of the person convicted of crime, an evidentiary hearing is not required and the person does not need

to be present when the motion is considered and denied. (*Blacksmith v. State,* 195 Kan. 523, 407 P. 2d 486.)

The record has been examined and no error appears in refusing an evidentiary hearing and in denying appellant's request to appear at the hearing.

The judgment is affirmed.