No. 45,350

CHARLES E. RAY, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(446 P. 2d 762)

Opinion filed November 9, 1968.

*Jack N. Stewart,* of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On September 3, 1950, the movant, Charles E. Ray,

a soldier stationed at Fort Riley, shot and killed a character by the name of James G. Raftery, in Saline County. A charge of first degree murder was lodged against Mr. Ray, a warrant was issued for his arrest, and Ray was returned to Salina to face the music.

At his appearance before the examining magistrate on October 10, 1950, the movant, who was not then represented by counsel, waived preliminary examination and was bound over to the district court for trial. On the 25th day of October, 1950, the movant appeared in district court and Mr. Ralph Knittle, a Salina attorney, now deceased, was appointed to represent him.

Two days thereafter, on October 27, 1950, the movant, accompanied by his appointed counsel, Mr. Knittle, again appeared in district court, at which time he was arraigned and entered a plea of guilty to murder in the second degree. Imposition of sentence was deferred, and on November 10, 1950, the movant, in the company, once more, of Mr. Knittle, was sentenced to be confined in the Kansas State Penitentiary for life, and there he has languished ever since.

A motion for relief under K. S. A. 60-1507 was filed in the Saline County District Court on January 5, 1966, and the Honorable John I. Young, then judge of the district court, appointed Jack N. Stewart, a member of the Salina bar, to represent the movant. A hearing apparently was had before Judge Young, but neither the date thereof nor the proceedings which took place are shown in the record.

Regrettably, Judge Young died before entering any judgment on the movant's motion, and on April 26, 1967, a second hearing was had before Judge Young's successor, the Honorable Morris V. Hoobler, at which hearing the movant was not present, although evidence was introduced on his behalf by his appointed counsel, Mr. Stewart. At the conclusion of the hearing, the court made the following findings of fact and conclusions of law: (1) That there were no issues of fact or law requiring movant's presence and "his motion to be personally present is denied;" (2) that the sentence against the movant was properly imposed; (3) that all relief prayed for by the movant "should be and is hereby denied."

The present appeal is from the foregoing judgment. Five points are raised by the movant.

Mr. Ray first complains that he was not provided counsel at his preliminary hearing. This point is without merit. We have often

held that a person accused of felony has no constitutional right to be provided counsel at his preliminary hearing, and that the failure to furnish counsel at that time is not error in the absence of a showing of prejudice to his substantial rights. *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652, is but one of many authorities to such effect.

The movant next contends that he was inadequately represented in the criminal action and was thus denied effective assistance of counsel. In view of our ultimate disposition of this appeal, this point needs no present discussion. The same may be said of movant's fifth point, *i. e.,* that the court's findings of fact and conclusions of law are erroneous.

For his third point, movant argues that the sentence imposed against him was unauthorized and erroneous. Two reasons are advanced, the first being that the journal entry recites that sentence was pronounced under General Statutes of Kansas, *1935,* Section 21-403. It is true that G. S. 1935, 21-403 was repealed by the 1937 session of the legislature, (Senate Bill No. 146), but the section was amended and re-enacted in the same measure without any change so far as the penalty for second degree murder is concerned. At the time Ray was sentenced, the amended section, providing the same penalty for second degree murder as did its predecessor, appeared as G. S. 1949, 21-403. The movant's sentence is not void because the journal entry inadvertently refers to G. S. *1935,* 21-403, rather than G. S. 1949, 21-403. This is a formal defect at most and is subject to correction by *nunc pro tunc* proceedings. (*Craven v. Hudspeth,* 172 Kan. 731, 242 P. 2d 823; *Dunn v. Crouse,* 192 Kan. 180, 386 P. 2d 228; *State v. Igo,* 194 Kan. 550, 400 P. 2d 968.)

The second reason given to support movant's claim that the sentence was unauthorized is simply this: that life imprisonment cannot be adjudged under G. S. 1949, 21-403, for the offense of murder in the second degree. This contention is not good. We have held that G. S. 1949 (now K. S. A.) 21-403 and 21-109 are to be construed together and that where a penalty statute provides only for a minimum term of imprisonment, any sentence may be pronounced thereunder which is not less than the prescribed minimum. *Dunn v. Crouse,* supra.) See, also, *State v. Akins,* 194 Kan. 514, 399 P. 2d 848, in which a life sentence imposed against the defendant for second degree murder was specifically upheld.

What gives us most pause in this case is movant's fourth contention: that the court erred in refusing to grant a plenary hearing at

which he, the movant, might be present. One of the grounds set out in movant's motion for relief under 60-1507 was inadequacy of counsel, and at the hearing before Judge Hoobler, Mr. Stewart asked leave to introduce evidence to show that his client was entitled to a full evidentiary hearing in his presence. Permission being granted, Mr. Stewart then introduced records from the sheriff's office consisting of a detailed sworn statement taken by officers from Ray's companion on the night of the homicide, and summaries of interviews with numerous witnesses concerning the conduct and condition of the deceased during the evening hours preceding his demise.

Mr. Stewart also called, as witnesses, Mr. Drew Hartnett and Mr. Raymond E. Haggart who were, respectively, county attorney and assistant county attorney of Saline County in the year 1950, when the homicide occurred and when the movant pleaded guilty and was sentenced. Neither of these gentlemen had any independent recollection of the case or of talking to Knittle about it, or of what transpired in court. However, they were cross-examined by the state concerning Mr. Knittle's capabilities as a lawyer and the sort of representation he generally afforded his clients.

It is the opinion of a majority of the members of this court that the facts we have related bring this case within the scope of our decision in *Brown v. State*, 196 Kan. 236, 409 P. 2d 772. In the Brown case, we said:

"Where the sentencing court in the exercise of its power of discretion has determined that it was necessary to have an evidentiary hearing because the petitioner's claim was substantial, we hold that it was bound to give the petitioner a full evidentiary hearing and require his presence, because it involved a substantial issue of fact as to events in which he participated." (pp. 240, 241.)

It is quite true that in the Brown case, it was the state which introduced evidence opposing the movant's request to be present and testify at his 60-1507 hearing, while here it was movant's counsel who sought leave to and did introduce evidence thought pertinent to movant's right to be present and to be heard at the hearing. We believe this distinction, however, is more imaginary than real.

The important issue raised in Ray's motion, indeed the only issue of substance, was the adequacy of his representation, which we pause here to note, must have amounted to more than mere token representation if constitutional standards of fairness were to be met. In *United States v. Wight*, 176 F. 2d 376, the court stated:

". . . There can be no quarrel with the proposition that the right to

counsel means the right to the conscientious services of competent counsel. (Citing cases.) Mere perfunctory appearance for a defendant is not enough. (Citing cases.)" (p. 378.)

A somewhat ampler statement concerning the right of one accused of felony to the effective assistance of legal counsel may be found in *Willis v. Hunter,* 166 F. 2d 721, where it is said:

". . . Since the right to counsel is a matter of substance not form, it is the solemn duty of the trial judge to make sure that representation is not an empty gesture, but is the fulfullment [sic] of the spirit and purpose of the constitutional mandate. (Citing cases.)

"We think that the right to the effective assistance of counsel contemplates the guiding hand of an able and responsible lawyer, devoted solely to the interest of his client; who has ample opportunity to acquaint himself with the law and facts of the case, and is afforded an opportunity to present them to a court or jury in their most favorable light. . . ." (pp. 722, 723.)

This court, itself, has long recognized the principles enunciated in the foregoing cases. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Smith v. State,* 199 Kan. 293, 429 P. 2d 103.) That they apply equally where the defendant has entered a plea of guilty, as where he has stood trial, is evidenced by the Miller case, where it was said:

". . . One of the most important reasons for requiring counsel is to protect a defendant from pleading guilty to a charge which the evidence does not establish." (p. 711.)

What was done by Mr. Knittle in the course of representing the movant was a matter concerning which Mr. Ray would normally have knowledge, the representation comprising, as it must, a series of events in which he had participated as Knittle's client. It seems apparent, as we said was the case in Brown, that the trial court entertained some question concerning the movant's representation, inasmuch as he proceeded to hear evidence touching upon the need for holding a plenary hearing in the movant's presence.

Two of the three witnesses who testified touched on Knittle's legal qualifications in a laudatory vein, even though they professed no independent recollection of what, if anything, he had done on behalf of his client. The movant, himself, being absent, could not be heard by way of reply; what his testimony might have been is not revealed in the record, although a letter to his counsel, reproduced in his brief, provides some indication.

Under the circumstances which appear in this case, we conclude

that a full evidentiary hearing should have been held with the movant present and permitted to testify.

The judgment is reversed and this case is remanded with directions to grant a full evidentiary hearing at which the movant may be present and permitted to participate.

KAUL, J. (dissenting): I cannot agree that the facts of the instant case fall within the scope of our decision in *Brown v. State*, 196 Kan. 236, 409 P. 2d 772. In *Brown* the trial court found the claim of the petitioner to be substantial and granted an evidentiary hearing, but heard only the states' witnesses and denied petitioner's request to be present over the objection of his counsel. Unlike in *Brown*, the trial court in the instant case found there were no issues of fact presented, which required the presence of petitioner. True, the court permitted petitioner's counsel, at his request, to offer evidence for the purpose as stated "to show that we would be entitled to a full evidentiary or plenary hearing." The testimony adduced failed to corroborate in anyway petitioner's claim of incompetency on the part of his deceased counsel. Under the circumstances petitioner's presence could add nothing to the proceedings except a repetition in person of his allegation of incompetency of counsel.

Where no disputed facts are presented in a motion to vacate other than unsupported statements of the petitioner his presence is not required. (*Craig v. State*, 198 Kan. 39, 422 P. 2d 955, and *Blacksmith v. State*, 195 Kan. 523, 407 P. 2d 486.)

I find no abuse of discretion by the trial court and would affirm the judgment.

PRICE, C. J., and FROMME, J., join in the foregoing dissenting opinion.