No. 45,949

James R. Prescher, *Appellant*, v. State of Kansas, *Appellee*.

(471 P. 2d 349)

Opinion filed June 25, 1970. ■■■

*Dean McIntyre,* of Abilene, argued the cause and was on the brief for appellant.

*Max M. Hinkle,* County Attorney, argued the cause and *Kent Frizzell,* Attorney General, was with him on the brief for appelee.

The opinion of the court was delivered by

Fromme, J.: James R. Prescher appeals from an order denying relief under K. S. A. 60-1507.

In 1963 he was convicted of murder in the second degree and sentenced to not less than ten nor more than twenty-five years in the penitentiary.

The journal entry recited:

"It Is Therefore, by the Court, Considered, Ordered, Adjudged and Decreed That the Defendant, James Prescher, be and he is hereby found guilty of murder in the second degree, in violation of G. S. 1949, 21-402, and it is the sentence of this Court that the Defendant, James Prescher, be confined at the Kansas State Penitentiary at Lansing, Kansas, at hard labor, for a period of time of not less than ten years nor more than twenty-five years, as provided by G. S. 1949, 21-403, until discharged in compliance with law; that the Defendant pay the costs of this action in the sum of $_____."

On October 3, 1968, Mr. Prescher filed a motion under K. S. A. 60-1507 in the sentencing court. He alleged the following grounds for relief:

". . . (a) Petitioner has served the legal penalty of (10) years assessed by the sentencing court.

"(b) Petitioner states that the courts additional sentence of (to 25 years) is illegal and not in courts jurisdiction under K. S. A. 21-402, 403."

His motion recited he relied upon the trial court's journal entry and upon K. S. A. 21-402, 403 to prove his grounds for relief.

Prescher was returned to the sentencing court and appeared with court appointed attorney on November 8, 1968. During the hearing on this motion the county attorney called the court's attention to that portion of K. S. A. 21-403 which reads:

". . . Those convicted of murder in the second degree shall be punished by confinement and hard labor for not less than ten years."

The county attorney further pointed out the provisions of K. S. A. 21-109 which supplements the foregoing statute. It reads:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; but no person shall in any case be sentenced to confinement and hard labor for any term less than one year."

On application a *nunc pro tunc* order was entered by the district court correcting the original journal entry to read as follows:

"It Is Therefore, by the Court, Considered, Ordered, Adjudged and Decreed That the Defendant, James Prescher, be and he is hereby found guilty of murder in the second degree, in violation of G. S. 1949, 21-402, and it is the sentence of this Court that the Defendant, James Prescher, be confined at the Kansas State Penitentiary at Lansing, Kansas, at hard labor, for a period of time of not less than ten years nor more than twenty-five years, as provided by G. S. 1949, 21-403 and G. S. 1949, 21-109, until discharged in compliance with law; that the Defendant pay the costs of this action in the sum of $_____."

We note that the Honorable Walter E. Hembrow who presided at the original trial of Mr. Prescher entered the order *nunc pro tunc* correcting the record.

All relief prayed for by the petitioner, Prescher, in his 1507 motion was denied and on December 13, 1968, the district court filed written findings of fact and conclusions of law supporting its decision.

The appellant's abstract of record on appeal which includes portions of the court reporter's transcript was filed and docketed in this court on December 22, 1969. The brief of appellant was filed April 20, 1970. On May 18, 1970, appellee's brief was filed. The case was set on the next docket and argued June 8, 1970.

The decision of the district court denying relief and correcting the original journal entry *nunc pro tunc* is fully supported by the prior decisions of this court and must be affirmed.

In *Craven v. Hudspeth,* 172 Kan. 731, 242 P. 2d 823, this court held:

"The failure to include in a journal entry showing conviction in a criminal action the statute under which sentence was rendered, where no complaint is made that the sentence was not one provided for by statute, is a formal defect which may be corrected by a *nunc pro tunc* order, and such failure does not entitle the convicted defendant to release by writ of habeas corpus." (Syl. ¶ 2.)

This holding was approved in *Dunn v. Crouse,* 192 Kan. 180, Syl. ¶ 3, 386 P. 2d 228, and in *Ray v. State,* 202 Kan. 144, 146, 446 P. 2d 762.

In *State v. Akins,* 194 Kan. 514, 399 P. 2d 848, it was specifically held:

"The provisions of K. S. A. 21-403 and 21-109 are examined, and it is *held:* In imposing the penalty for those convicted of murder in the second degree, the statutes are to be construed together, and the trial court may order any sentence to be imposed not less than the minimum prescribed." (Syl. ¶ 1.)

The original sentence by the trial court was not less than ten years, as provided in K. S. A. 21-403 and not more than twenty-five years as authorized by K. S. A. 21-109. These statutes are to be construed together in the imposition of sentence. The omission of K. S. A. 21-109 from the journal entry was a formal defect and was properly cured by the *nunc pro tunc* proceedings.

In addition the appellant contends that he has · served the legal penalty of ten years as originally assessed by the sentencing court and that he should be released from custody.

He was sentenced on January 21, 1963.

It is apparent that this contention cannot be true literally. However, he states the Kansas Board of Probation and Parole by regulation has set up a system for paroles which allows for good time and incentive credits. These may permit an inmate sentenced to ten years to be released by the board after serving five years and six months.

Assuming that this may be true, the provisions of K. S. A. 60-1507 do not provide a method for inquiring into the propriety of the acts of the Kansas Board of Probation and Parole.

In *Johnson v. Stucker,* 203 Kan. 253, 453 P. 2d 35, a parole from confinement in a penal institution prior to serving all of an imposed

sentence was determined to be a privilege, a matter of grace. No constitutional right is involved in determining whether such a parole should be granted.

In *Foor v. State*, 196 Kan. 618, 413 P. 2d 719, this court said:

"The provisions of K. S. A. 60-1507 do not provide a method of inquiry into the propriety of the acts of the Kansas Board of Probation and Parole. The provisions are available only for the purpose of inquiring into the propriety of a judgment or sentence. . . .

"Proceedings and acts of the board which occur subsequent to the original sentence can have no effect upon the validity of the sentence." (p. 620.)

Accordingly the judgment of the district court is affirmed.