No. 46,243

OSCAR GLENN LEE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(483 P. 2d 1100)

Opinion filed April 10, 1971.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *Douglas G. Waters, Jr.,* special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Chronologically, this is at least a third, and apparently it is a fourth, proceeding under K. S. A. 60-1507 filed by Oscar Glenn Lee attacking his conviction based on a plea of guilty to the offense of escaping from the state penitentiary (see *Lee v. State,* 207 Kan. 185, 483 P. 2d 482).

Ground for relief alleged here in a motion filed April 16, 1970, was:

"(*a*) On 11-2-65, I was sentenced to 1 to 3 years to be served consecutively to original sentence.

"(*b*) I was not rebooked until 8/30/68 when I was eligable for rebook on the day I was sentenced since I was serving earned good time on original sentence on that date. (Dickinson County sentence)."

As reasons why such ground had not previously been presented Lee alleged: "Did not have the information of the way I was sentenced until recently."

The trial court summarily dismissed the motion, ruling a hearing and appointment of counsel were unnecessary and further that the ends of justice would not be served by reaching the merits of the application. Lee again has appealed.

That which we said in disposition of appellant's third motion in *Lee v. State,* No. 46,181, supra, is applicable and need not be

repeated. We simply hold the trial court properly dismissed appellant's application as an abuse of remedy. Reached on the merits, relief could not be granted on the motion. Acts of penal authorities can have no effect upon the validity of a sentence. A 1507 proceeding is designed only to test the propriety of a judgment or sentence. It provides no method for inquiring into the propriety of acts of the penal authorities (*Foor v. State,* 196 Kan. 618, 413 P. 2d 719; *Prescher v. State,* 205 Kan. 636, 471 P. 2d 349).

The judgment is affirmed.

APPROVED BY THE COURT.