NOT DESIGNATED FOR PUBLICATION

No. 116,685

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODERICK F. FIELDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed September 8, 2017. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek. Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

*Per Curiam*: After being denied parole, Roderick F. Fields filed a habeas petition pursuant to K.S.A. 2016 Supp. 60-1501 which challenged the Prisoner Review Board's denial of parole. The district court summarily denied that petition on the grounds that it was "repetitive and an abuse of process." Fields now appeals, arguing that the district court should have held a hearing to evaluate his claims. Finding no error, we affirm.

1

*Procedural background*

Fields is no stranger to our appellate courts. In 1993, a jury convicted him of aggravated robbery. After the Kansas Supreme Court affirmed his conviction, Fields filed a K.S.A. 60-1507 motion alleging prosecutorial misconduct, ineffective assistance of counsel, and other errors. The district court denied that motion and in 2003, we affirmed that denial. Fields then filed a motion to correct his sentence, the denial of which was affirmed by the Kansas Supreme Court in 2008. See *Fields v. State*, No. 107,488, 2013 WL 2918546, at *1 (Kan. App. 2013) (unpublished opinion).

In 2010, Fields filed a second K.S.A. 60-1507 motion that alleged a prison guard had illegally sneaked onto the jury that originally convicted him for the purpose of taking revenge on him. Fields asserted that the prison guard had used a false name, was the sister of the person he had been accused of raping, and had acted out of the mistaken belief that he raped the guard's sister. After a preliminary hearing, the district court found that Fields' claims were a "'total fabrication'" and denied his motion. The critical piece of evidence that controverted Fields' claims was an affidavit from the accused prison guard in which she swore that she had never used a false name, had never served as a juror on Fields' case, and did not have a sister as named by Fields. This court affirmed the district court's denial of Fields' second K.S.A. 60-1507 motion, holding that "substantial competent evidence in the record support[ed] the district court's finding that Fields' allegation was a 'total fabrication.'" *Fields*, 2013 WL 2918546, at *3.

Similarly, Fields now claims that he was originally denied a fair trial because the district court failed to legally impanel a jury and that his untimely habeas petition should be considered to prevent a manifest injustice. In his habeas petition, Fields alleged that a woman used a fraudulent name to become a juror and that the jury was "unimpartial." The district court summarily denied Field's habeas petition on the grounds that it was "repetitive and an abuse of process."

*Governing legal standards*

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Generally, prisoners use K.S.A. 2016 Supp. 60-1501 to challenge the conditions of confinement, while K.S.A. 2016 Supp. 60-1507 is used to challenge a prisoner's conviction or sentence. *Douglas v. State*, No. 114,828, 2016 WL 5867242, at *2 (Kan. App. 2016) (unpublished opinion). We review Fields' pro se habeas motion under K.S.A. 2016 Supp. 60-1507, as do the parties, because Fields challenges his conviction and not the conditions of his confinement.

Our standard of review of a district court's summary dismissal of a K.S.A. 60-1507 motion is de novo. *Trotter v. State*, 288 Kan. 112, 132, 200 P.3d 1236 (2009). A sentencing court is not required to "entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2016 Supp. 60-1507(c). A sentencing court may not consider a successive 60-1507 motion if the previous motion was determined adversely to the movant, the previous determination was on the merits, and justice would not be served by reaching the merits of the current motion. Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222).

Such is the case here. Fields attempts to reargue an issue already decided. His previous K.S.A. 60-1507 motion was denied, this court affirmed the district court's finding on the merits (finding Fields' claims were fabricated), and justice would not be served by considering Fields' claims because this court has already done so. See *Fields*, 2013 WL 2918546, at *2-3.

Unless the movant shows exceptional circumstances, the "court can dismiss a second or successive motion as an abuse of remedy." *Kelly*, 291 Kan. at 872. The district

court did so here. Exceptional circumstances include a change in the law or unusual events that prevented the movant from being able to raise the trial errors in a previous postconviction motion. 291 Kan. at 872-73. Because Fields fails to explain what exceptional circumstances warrant consideration of his claims, we find none.

Fields argues that his constitutional rights "were violated when the . . . Prison[er] Review Board . . . failed to grant him parole based on his claims of a defective trial." Even if Fields' claims had merit, K.S.A. 2016 Supp. 60-1507 motions cannot be used to challenge the Prisoner Review Board's decision to grant or deny parole. See *Lee v. State*, 207 Kan. 220, 221, 483 P.2d 1100 (1971); *Murray v. State*, No. 91,724, 2005 WL 283604, at *2 (Kan. App. 2005) (unpublished opinion). Therefore, we find no error in the district court's summary dismissal of Fields' claims.

Affirmed.