No. 45,411

STATE OF KANSAS, *Appellee*, v. THOMAS EUGENE YOHE, *Appellant*.

(457 P. 2d 12)

Opinion filed July 17, 1969.

*Richard O. Skoog,* of Ottawa, argued the cause and was on the brief for appellant.

*Edward G. Collister,* Assistant Attorney General, argued the cause, and *Kent Frizzell,* Attorney General, and *Myron S. Steere,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Thomas Eugene Yohe was convicted by a jury on two counts of forgery (K. S. A. 21-608) and on two counts of passing a forged check (K. S. A. 21-609). He is serving sentences as an habitual criminal.

Two alleged trial errors are urged in this appeal.

His first specification of error is insufficiency of the evidence. This general contention is made without specifying any particular element of the crimes which was omitted from the evidence.

We review the evidence and find no merit in this contention.

The defendant and a friend, James Ward Wylie, arrived in Ottawa, Kansas, on January 17 with seventeen dollars between them. They made a tour of the taverns in Ottawa. Their funds ran low and the conversation turned to the fine art of check-writing. Each of them related some of his experiences in this mutual avocation.

Mr. Wylie testified against the defendant so the record contains

a detailed account of their activities on the afternoon and evening of January 17.

The defendant and Wylie discussed their need of money and decided they would like to leave Ottawa and go to Great Bend. It was agreed that Wylie should pick up a few counter checks of the First National Bank of Ottawa and purchase a writing pen. The defendant suggested they buy a good pen so they wouldn't "mess up". Mr. Wylie bought a pen at the dime store and picked up the blank checks. It does not appear from the record that the quality of the pen had anything to do with defendant's present incarceration.

These two friends returned to the Budweiser Tavern. Mr. Wylie went to the men's room where he filled in a couple of the blank checks. The checks were made payable to Jim Wylie. The name Charles E. Barker was signed as maker. Then the two friends proceeded to go shopping together. The defendant purchased some clothing and shoes. Mr. Wylie also acquired some clothing. The checks were tendered in payment. They were accepted. The two shoppers then rented a room at the hotel. They registered in the name of Jim Warren and brother. While in the hotel another check blank was filled in payable to Jim Wylie. The name of Charles E. Baker was inserted as maker. They resumed their shopping and accumulated more clothing and cash.

Their anticipated trip to Great Bend had to be postponed indefinitely when police officers arrested them in Ottawa. At the trial which followed, the testimony of defendant's former friend was supported by the testimony of the clerks who sold the items of clothing. One of the clerks testified the defendant was wearing a pair of shoes at the trial which the clerk had furnished defendant during the shopping tour.

The defendant argues that the evidence of his guilt is circumstantial and insufficient because no one saw him sign or pass the forged checks.

The testimony at the trial established that Wylie forged, endorsed and passed these checks. However, it is clear that defendant was present and gave advice and aid to his friend Wylie. The defendant counseled with Wylie in the planning stages. He accompanied Wylie when the criminal acts were committed and he knowingly shared in the fruits of the crimes.

K. S. A. 21-105 provides:

"Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony before the fact, shall upon conviction be adjudged guilty of the offense in the same degree and be punished in the same manner as herein prescribed with respect to the principal in the first degree."

Our statute removes any common-law penalty distinctions for participating in a crime as an accessory before the fact or as a principal in the second degree. An accessory before the fact and a principal in the second degree are guilty of the offense and are to be punished the same as the principal in the first degree. Similar statutes are quite common. (See *Von Patzoll v. United States* [C. A. 10 Okla.], 163 F. 2d 216, cert. den. 332 U. S. 809, 92 L. Ed. 386, 68 S. Ct. 110; 21 Am. Jur. 2d, Criminal Law § 124; 22 C. J. S., Criminal Law § 86.)

In *State v. Jackson,* 201 Kan. 795, 443 P. 2d 279, we upheld a conviction for forcible rape. The defendant did not actually engage in any sexual act with the victim. His presence and assistance to another was held sufficient to support the charge. He aided and abetted in the commission of the offense and was guilty of the charge as a principal in the second degree.

In the present case the evidence clearly established that defendant participated in the plan and the accomplishment of these criminal acts. He was present throughout and knowingly participated therein. He was adjudged guilty of the offense based upon substantial competent evidence and should be punished the same as a principal in the first degree. The fact that he did not fill in the checks and hand them to the sales clerks did not mitigate his guilt or prevent his conviction and punishment for forging and passing forged checks.

Defendant's final specification of error concerns testimony of the cashier of the First National Bank of Ottawa. The cashier testified the bank records contained no account in the name of either Charles E. Barker or Charles E. Baker. Defendant contends the bank records were the best evidence of their contents and the cashier's testimony was inadmissible. In support thereof he cites a portion of K. S. A. 60-467 (*a*) (6) as follows:

"(*a*) As tending to prove the content of a writing, no evidence other than the writing itself is admissible, except as otherwise provided in these rules, unless the judge finds . . . (6) that calculations or summaries of contents are called for as a result of an examination by a qualified witness of multiple or voluminous writings, which cannot be conveniently examined in court, but

the adverse party shall have had a reasonable opportunity to examine such records before trial, and such writings are present in court for use in cross-examination, or the adverse party has waived their production, or the judge finds that their production is unnecessary."

We note this section is prefaced by the phrase, "As tending to prove the content of a writing". The citations which defendant urges upon the court relate to instances where proof is directed toward the contents of a writing.

In the present case the testimony was not to prove contents of a writing. The testimony was to prove nonexistence of a particular account. Proof of nonexistence of a particular account does not require production of all the books and records of a bank. In such case the best evidence rule does not require a voluminous display of bank records in court. A proper method of proving the non-existence of a certain record or account is to question the custodian of the records after he has examined them. He may then testify a certain account does not appear in his records.

In *State v. Phillips,* 175 Kan. 50, 259 P. 2d 185, we said:

". . . We do not always require the production of voluminous records. Followed out to its ultimate end, the result of defendant's argument would be that the fact that defendant had not been a student of either one of these schools could only be proved by bringing to court all the records of the school. That is not the rule. . . ." (p. 55.)

(See also 29 Am. Jur. 2d, Evidence § 449; 32A C. J. S. Evidence § 790.)

The name of the cashier of this bank was endorsed on the information as required by statute. The defendant had ample opportunity to interview the cashier prior to trial. He could have cross-examined this witness at the trial. The testimony of the cashier was properly admitted in evidence.

The record on appeal has been carefully examined. There is substantial evidence in the record for a reasonable inference of guilt on all charges. We find no prejudicial trial errors. The judgment is affirmed.