No. 45,157

Lawton Ray Rollins, *Appellant*, v. State of Kansas, *Appellee*.

(438 P. 2d 99)

Opinion filed March 9, 1968.

*Robert D. Beall,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Joseph J. Dawes, Jr.,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *James N. Snyder, Jr.,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the district court of Leavenworth County denying the petitioner's motion for relief filed pursuant to K. S. A. 60-1507, attacking a sentence to life imprisonment entered after the petitioner entered a plea of guilty to first degree murder.

The primary question relates to the sufficiency of the evidence taken by the trial court pursuant to K. S. A. 21-403 on a plea of guilty to first degree murder.

The petitioner, Lawton Ray Rollins, and five others in attempting to escape from the Kansas State Penitentiary at Lansing, Kansas, shot and killed a guard. Each of them was charged with murder in the first degree. On the 9th day of November, 1954, William Henry Parker, one of the defendants, went to trial on that charge and was duly convicted by a jury of murder in the first degree. On the 15th day of November, 1954, six days thereafter, the cases of the other five defendants were called for trial. The state announced it was ready for trial, as did the other defendants, and the parties proceeded to select a jury. After the court recessed for the noon luncheon prior to the selection of a jury, the defendants, each represented by an individual attorney, expressed their desire to

plead guilty to murder in the first degree. Thereupon each defendant in turn entered a plea of guilty to murder in the first degree and in due course was sentenced to life imprisonment in the Kansas State Penitentiary at Lansing, Kansas.

The petitioner in his motion for relief under 60-1507, *supra*, stated only one ground as his basis for relief, as follows: "There was no evidence presented at my trial."

K. S. A. 21-403 provides:

"Every person convicted of murder in the first degree shall be punished by death, or by confinement and hard labor in the penitentiary of the state of Kansas for life. If there is a jury trial the jury shall determine which punishment shall be inflicted. If there is a plea of guilty the court shall determine which punishment shall be inflicted, and in doing so shall hear evidence: *Provided*, That the death penalty shall not be inflicted, either by the jury or by the court, upon any person who was under the age of eighteen years at the time the crime was committed. Those convicted of murder in the second degree shall be punished by confinement and hard labor for not less than ten years."

The record in the criminal proceeding wherein the petitioner was sentenced discloses that Thomas E. Joyce, an attorney at law from Kansas City, Kansas, was appointed to represent the petitioner in the criminal action. On the 15th day of November, 1954, he appeared with the petitioner, and in the course of the proceedings upon leave of the court withdrew the petitioner's plea of not guilty and entered a plea of guilty to the charge of murder in the first degree.

Following the change in plea made by the five defendants, the court said: "Now as I understand the law, I must hear evidence. Do you gentlemen have any suggestions to make?

Thereupon the record discloses the following suggestions made by counsel:

"MR. PAYNE: [Counsel for the state] If your Honor please, I have consulted with all the counsel who are present. Your Honor has heard the testimony in the case of the State versus Davis or State versus Parker, whose case was tried here last week, and I will say to the Court that the testimony against all of these defendants would be of similar import as that which Your Honor heard in that particular case, and the State would now like to offer that testimony to Your Honor in compliance with the statute with regard to these five defendants who have now entered their pleas. I believe that counsel for the respective defendants are agreeable to that being done.

. . . . . . . . . . . . . . .

"MR. JOYCE: I make the same suggestion, Your Honor, that—of course, I wasn't here and I don't know what the testimony is, but I imagine it was sub-

stantially the same testimony as revealed by the preliminary hearing with a few additions. In so far as applicable to defendant Rollins, we will admit it but there may be some things that were not applicable to him. I don't know whether he was mentioned in the trial or not.

"THE COURT: I think they were all mentioned."

The ensuing argument by counsel for the respective defendants, in which Mr. Joyce joined, related facts and extenuating circumstances and requested the court "to sentence these men to life imprisonment."

The court thereafter sentenced each of the defendants individually, sentencing the petitioner herein to the Kansas State Penitentiary at hard labor for the rest of his natural life.

The sentencing court upon consideration of the petitioner's 1507 motion, without requiring the presence of the petitioner, denied an evidentiary hearing, and upon the record made in the trial of the criminal action resulting in the petitioner's sentence denied relief.

In its journal entry the court found the petitioner was entitled to no relief; that the petitioner was represented by counsel at the time he entered a voluntary plea of guilty to the charge of murder in the first degree; that the court proceeded to hear evidence in the case according to law; that the sentence imposed upon the petitioner was authorized by law; and that the motion failed to state any facts indicating that there had been such a denial or infringement of the constitutional rights of the petitioner as to render the judgment in question vulnerable to collateral attack.

The petitioner contends whether or not "evidence" in fact was presented to the trial court prior to the sentencing raises a substantial question of fact as to events which transpired entitling him to a full evidentiary hearing, citing *Brown v. State,* 196 Kan. 236, 409 P. 2d 772.

We find no merit in this contention in that the record made in the criminal proceeding was sufficient to determine the only question raised by the petitioner in his application for relief.

The petitioner contends that submission of the transcript of a codefendant's trial without his acknowledgment or consent, prior to the imposition of sentence, constituted a denial of a statutory right granted by 21-403, *supra,* and that this also violated his right under the Sixth Amendment, citing *Pointer v. Texas,* 380 U. S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965).

The *Pointer* case involved the trial of a defendant in a Texas state court on a charge of robbery. The state, over the defendant's objections, introduced the transcript of a witness's testimony given at the preliminary hearing, at which the defendant was not represented by counsel and had no opportunity to cross examine the witness. The state showed that the witness had moved out of Texas with no intention to return. The defendant was convicted and his conviction affirmed by the Texas Court of Criminal Appeals. On certiorari the Supreme Court of the United States reversed. Clearly, this is not the situation presented by the record herein.

In *State v. Burnett*, 194 Kan. 126, 397 P. 2d 346, this court had before it a situation where six men were charged in the district court of Bourbon County with the offenses of kidnapping in the first degree and forcible rape. Among them were Woods, Davis and the defendant Burnett. Both Woods and Davis were tried and convicted as charged. Woods appealed to the Supreme Court and the judgment was affirmed. Later, the defendant Burnett, who had been in the county jail awaiting trial, appeared in court in person with his own employed counsel and entered into a written stipulation whereby he entered a plea of not guilty to the charges, waived a trial by jury, and consented that he be tried by the court on the transcript of the records of the Woods and Davis trials. The stipulation so entered into was consented to by the state and approved by the trial court. Upon such record Burnett was found guilty as charged. He appealed from such conviction attacking the proceedings on the ground, among other things, that his constitutional rights were violated. On appeal the record was examined and the conviction affirmed.

The foregoing authority controls our decision herein, and requires an affirmance of the judgment entered by the sentencing court denying the petitioner relief.

The instant case is even stronger than *State v. Burnett*, supra, for here the petitioner entered a plea of guilty rather than a plea of not guilty, and the transcript of the prior trial (*State v. Parker*) was offered in compliance with the statutory requirement that the trial court hear evidence before determining which punishment should be inflicted where a plea of guilty is entered to a charge of first degree murder. Here the trial court had previously heard all of the evidence concerning one of the defendants in the episode concerning

the petitioner's attempt to escape from the Kansas State Penitentiary, resulting in the death of a guard who was shot, only six days prior to the petitioner's entry of a plea of guilty. This, under the circumstances disclosed by the record herein, we hold to be sufficient evidence to comply with the requirement of K. S. A. 21-403.

The object for which evidence is introduced in the trial of a cause is to ascertain the truth concerning the facts in issue. (*Lynch v. Rosenberger*, 121 Kan. 601, 604, 249 Pac. 682, 60 A. L. R. 376.) Here the petitioner objects to that evidence which he, through his counsel, offered in support of his plea of guilty to the charge of murder in the first degree. The trial court imposed the lesser of the two penalties authorized by the statute, which suggests counsel for the petitioner was successful in the trial tactics employed.

The judgment of the lower court denying the petitioner relief is affirmed.