No. 45,463

Robert LeRoy Knight, *Appellant,* v. State of Kansas, *Appellee.*

(455 P. 2d 578)

Opin-ion filed June 14, 1969.

*Robert D. Beall,* of Leavenworth, argued the cause and was on the brief for the appellant.

*John C. Tillotson,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from an order denying relief on petitioner's motion filed pursuant to K. S. A. 60-1507. Petitioner's motion attacks a sentence of life imprisonment imposed after petitioner entered a plea of guilty to first degree murder. On receipt of petitioner's motion, the trial court appointed counsel and granted an evidentiary hearing.

Petitioner and five other inmates, while attempting to escape from the Kansas State Penitentiary, shot and killed a guard. Each was charged with murder in the first degree. One of the defendants, Henry Parker, was tried by a jury and convicted of murder in the first degree on November 9, 1954. Six days later, the cases of the other five defendants were called for trial. Each defendant was represented by separate counsel, each entered a plea of guilty to

murder in the first degree and, in due course, each was sentenced to life imprisonment in the Kansas State Penitentiary.

One of the defendants, Lawton Ray Rollins, has previously attacked his sentence by a motion under K. S. A. 60-1507. Rollins' motion was denied by the trial court and the ruling affirmed by this court in *Rollins v. State,* 200 Kan. 695, 438 P. 2d 99.

Petitioner's case was consolidated for trial with that of Rollins and the three other codefendants. The factual background pertinent to this appeal is identical with that recited in *Rollins v. State,* supra.

The five cases were called for trial on November 15, 1954, and the parties proceeded to select a jury. Before the selection of a jury had been completed, the trial court recessed for lunch. At the beginning of the afternoon session each defendant asked to change his plea to guilty of murder in the first degree.

Petitioner claims the evidence adduced prior to sentencing does not meet the requirements of K. S. A. 21-403. The identical question was presented in *Rollins v. State,* supra. As disclosed in *Rollins,* the five codefendants, present with respective counsel, joined in a common request of the court that the evidence received at the trial of codefendant Parker be considered by the court pursuant to 21-403. Thereafter, counsel for the respective defendants joined in a common argument requesting the court to sentence petitioner and his codefendants to life imprisonment, rather than imposing a death penalty sentence. The result suggests counsel for defendants were successful in the trial tactics employed. Under the circumstances, the evidence received in the Parker trial was held to be sufficient to comply with the requirements of 21-403 in *Rollins v. State,* supra. We adhere to our decision therein.

Petitioner next claims that his confinment in the segregation and isolation building at the penitentiary, prior to his trial, amounted to such unusual and cruel punishment that his plea of guilty was coerced.

At the hearing on his motion the trial court heard petitioner's testimony in this regard. Petitioner testified that he was confined in the segregation and isolation building without clothes, on short rations and was not allowed to write letters or get in touch with an attorney. Petitioner does not claim that he was subjected to any physical abuse by the prison personnel, nor does he claim inducement by any threats of harm or promises that he would be released from isolation if he changed his plea to guilty.

The trial court considered the voluntariness of petitioner's plea, first when it was changed to guilty, during his trial in 1954, and again at petitioner's evidentiary hearing in these proceedings. Petitioner was interrogated by the court on both occasions and in each instance the plea was determined to be free and voluntary. We find nothing in the record that justifies disturbing the trial court's determination.

In *State v. Jenkins*, 197 Kan. 651, 421 P. 2d 33, the defendant, an escapee of the penitentiary, was confined to the isolation unit on his return. Jenkins claimed that a statement made while he was confined in the "hole" was erroneously admitted in evidence during the trial because he had given it in order to be released from the "hole," and thus it was coerced. The trial court found no evidence of threats, force, coercion or promises in the making of the statement by Jenkins. When presented with the issue on appeal, we held:

"The fact alone that a defendant was closely confined in a custodial institution when his statement was made does not render it inadmissible." (Syl. ¶ 2.)

We believe the underlying issue in *Jenkins* to be so analogous to that framed here that our decision therein is controlling.

In the instant case we have carefully examined the record of the allocution at defendant's trial, as well as his testimony at the evidentiary hearing in these proceedings. While petitioner described discomforts suffered during confinement in the isolation unit, he did not testify himself or offer any other evidence that his change of plea was induced by any promises that his place of confinement would be changed. Actually, petitioner's position in this regard is inconsistent with his course of action. Petitioner was appointed counsel more than two months prior to his trial. He had entered a plea of not guilty and the process of empaneling a jury had commenced. Only at this point did petitioner and his codefendants decide to withdraw their pleas and plead guilty. The chronology of events refutes the position adopted by petitioner.

Petitioner next claims that he at no time, in fact, entered a plea of guilty. While the record is unclear whether petitioner personally entered a plea, it conclusively shows that a plea was entered by his counsel and personally acquiesced in by petitioner in the allocution which followed.

A plea of guilty entered by counsel has the same force and effect as a plea personally entered by the accused, where the accused is present in court when counsel enters the plea and the circum-

stances are such as to show that the accused understands what is being done and acquiesces therein. (*State v. Spain,* 193 Kan. 1, 391 P. 2d 1001, and cases cited therein.)

In this case the record shows that after petitioner's plea of guilty was entered an allocution was afforded him as follows:

"THE COURT: Now, Mr. Knight, is it? Mr. Knight, do you have any legal cause or reason to show why the judgment and sentence of the Court should not be pronounced against you at this time?

"DEFENDANT: No, sir."

Following the allocution sentence was imposed.

The purpose of an allocution is to afford the accused an opportunity to present any complaint he may have against the integrity of the proceedings. (*Craig v. State,* 198 Kan. 39, 422 P. 2d 955.)

In his motion, petitioner alleges he was not allowed to appeal his conviction due to cruel and unusual punishment following his plea and sentence. The point is neither briefed nor argued by petitioner on appeal. Although the record fails to show that petitioner was advised of his right to appeal by the court, petitioner does not claim that he was not so advised by his counsel, who represented him at each stage of his trial proceedings. Under the circumstances, it cannot be said the trial court erred in concluding there had been no denial or infringement of petitioner's constitutional rights. (*Ware v. State,* 198 Kan. 523, 426 P. 2d 78.)

We have fully examined the record and find no error. The judgment is affirmed.