No. 45,772

STATE OF KANSAS, *Appellee*, v. THEODORE WAY, *Appellant*.

(461 P. 2d 820)

Opinion filed December 6, 1969.

*Winton M. Hinkle*, of Wichita, argued the cause, and was on the brief for appellant.

*Richard K. Hollingsworth*, deputy county attorney, argued the cause, and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment imposed by the district court of Sedgwick County, entered on a plea of guilty to burglary in the second degree (K. S. A. 21-520), unlawful possession of a pistol (K. S. A. 21-2611), and a sentence on both counts of not less than five years nor more than ten, and for a period not exceeding five years, the sentences to run consecutively.

On May 22, 1967, at approximately 3:49 a. m., appellant was found and arrested on the premises of the Ortmeyer Lumber Company, Inc., in Wichita. Upon investigation of those premises by police officers, signs of forcible entry were discovered, a screen having been broken loose and removed from an outside window on the warehouse through which entrance had apparently been made. An inside door connecting the warehouse and office was open and its glass broken.

Police officers proceeded to search the yard which was completely enclosed by an eight-foot-high fence. In the course of the search, officers noticed what appeared to be a green rag hanging from beneath a large flatbed truck parked in the yard. A closer view proved this to be a man's trousers. He was trying to hide by hanging to the driveshaft underneath the truck. He was ordered out from under the truck, but he hesitated, saying he was stuck. A police dog was released and in an attempt to get away from the dog, a loaded pistol fell from the man's possession. A chisel was found in appellant's coat pocket after he was taken into custody.

On the same day, a complaint was filed and appellant was arraigned on charges of second degree burglary and unlawful possession of a pistol.

On May 31, 1967, a preliminary examination was held, the appellant appearing in person and with his retained counsel. Four witnesses testified on behalf of the state and the defendant offered no evidence. At the conclusion of the preliminary examination, the defendant was bound over to the district court to stand trial on the charges of burglary in the second degree and unlawful possesion of a pistol having a barrel less than twelve inches in length, after conviction of an enumerated felony as provided in K. S. A. 21-2611.

On July 24, 1967, an information was filed charging the appellant with burglary in the second degree and unlawful possession of a pistol.

On the following day, retained counsel upon his request was given permission to withdraw from the case. The district court, upon finding the appellant indigent, appointed Roscoe Austin, a competent and experienced member of the Wichita Bar, to represent him.

On August 14, 1967, appointed counsel moved for a transcript of the preliminary hearing and was granted a copy at state expense. On September 12, 1967, a motion for reduction of bail was denied.

On October 13, 1967, appellant, *pro se,* moved for an order dismissing appointed counsel, which motion was overruled October 16, 1967.

On the same day, October 16, 1967, a jury panel was called and *voir dire* examination conducted. A jury was selected, no preemptory challenges being exercised by either party. At 2:30 p. m., after being sworn, the jury was excused until 9:30 a. m. the following day to allow counsel additional time to prepare. Out of the presence of the jury, the state notified the defendant and his counsel that in

the event he was found guilty of the offenses charged, the state would move the court to sentence him under the Habitual Criminal Act (K. S. A. 21-107a), and that it would offer in evidence three specifically named prior convictions of the defendant.

On the same day at 4:35 p. m. the appellant appeared with his appointed counsel and entered pleas of guilty to both counts. Upon those pleas being found by the court to be voluntarily and understandably made, the appellant was sentenced for the terms previously indicated. He was not sentenced under the Habitual Criminal Act.

It is universally accepted that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and that legally is the most formal and binding confession possible for him to make. (*Wippel v. State,* 203 Kan. 207, 453 P. 2d 43; *Wisely v. State,* 201 Kan. 377, 440 P. 2d 632; *Miller v. State,* 200 Kan. 700, 438 P. 2d 87.)

The appellant attacks the judgment and sentence, contending that count two of the information was fatally defective and the judgment and sentence based thereon is void.

The pertinent part of count two of the information reads:

". . . that in the County of Sedgwick and State of Kansas, and on or about the 22nd day of May, A. D., 1967, one THEODORE WAY did then and there unlawfully, feloniously, willfully possess and have in his custody and control a pistol, to-wit: A .45 Caliber Webley Mark IV, bearing Serial No. 328816, after having been convicted of a felony: United States District Court, received at El Reno Federal Penitentiary December 11, 1953, on a sentence of three years; and United States District Court on bank larceny (embezzlement), and sentenced to three years at the United States Penitentiary at Leavenworth, Kansas; all of said acts then and there committed being intentional, unlawful, felonious and wilful and being contrary to the statutes in such cases made and provided and being against the peace and dignity of the State of Kansas. (K. S. A. 21-2611.)"

The appellant asserts that no certain felony is described as one of those enumerated in K. S. A. 21-2611, and a judgment based on count two cannot be supported.

The rules governing the sufficiency of an information are statutory and provide that the offense charged must be clearly set forth in plain and concise language and that the offense charged be stated with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case. (K. S. A. 62-1010.) It is further provided by statute that no indict-

ment or information may be quashed for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime charged, nor for any other defect or imperfection which does not tend to prejudice the substantial rights of the defendant. (K. S. A. 62-1011.)

The specific portion of the above quoted language contained in the information which appellant attacks is as follows:

"United States District Court, received at El Reno Federal Penitentiary December 11, 1953, on a sentence of three years; and United States District Court on bank larceny (embezzlement), and sentenced to three years at the United States Penitentiary at Leavenworth, Kansas . . ."

It is obvious count two of the information was not drawn as clearly and concisely as it might have been by a careful and experienced prosecutor. However, the latter portion or second allegation of a felony does allege "bank larceny (embezzlement)" as a crime of which appellant was previously convicted. The charge is not bad for duplicity. (*State v. Chaplain*, 101 Kan. 413, 166 Pac. 238; *State v. Maxwell*, 151 Kan. 951, 102 P. 2d 109.)

At the preliminary hearing, copies of the certified prison records were introduced which recited the specific judgment and commitment on which the state relied. The record discloses the appellant's conviction of "bank larceny" was for violation of the crime defined in the first paragraph of 18 U. S. C. Sec. 2113 (*b*), which reads:

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both. . . ."

It is clear from the three-year sentence imposed that the appellant was found guilty of violating the above quoted section, which crime as therein set out would be defined in this state as grand larceny. (K. S. A. 21-533.)

Grand larceny is one of those crimes enumerated in K. S. A. 21-2611 as an element of the crime prohibited by its provisions. We think the facts as alleged in the information were set forth in such a manner as to confer jurisdiction over the appellant and that he knew what antecedent crime he was alleged to have committed in connection with the crime as charged in count two.

Appellant next contends his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States and Section

Ten of the Bill of Rights to the Constitution of the State of Kansas to effective assistance of counsel were denied by reason of the district court's refusal to dismiss his appointed counsel at his request.

The appellant does not contend he was denied effective assistance by his court appointed counsel, and no evidence of that fact is found in the record. However, he does contend he has a right to appointed counsel of his choice and with whom he is satisfied. Mr. Austin was appointed to represent the appellant on July 25, 1967, and he afforded the appellant diligent and effective assistance throughout all critical stages of the proceedings.

On September 18, 1967, appellant's trial was set for October 16, 1967, and thereafter the appellant filed his *pro se* motion to dismiss appointed counsel, alleging "counsel has evinced no interest in defendant's case." The district court again advised the defendant that Mr. Austin was very capable of representing him and that the court would proceed in the selection of a jury and the trial of the case. As indicated, a jury was selected and dismissed until 9:30 a. m. the following day. Thereafter, and at 4:35 p. m. the appellant appeared before the court with appointed counsel and entered pleas of guilty to both counts. The appellant's contention on this point was considered in *State v. Walker*, 202 Kan. 475, 449 P. 2d 515, and it was said:

"Did the court err in its ruling? There can be no question, of course, as to entitlement to counsel. The nature of the right was recently discussed in *Ray v. State*, 202 Kan. 144, 446 P. 2d 762, in which this court stated the right is not a matter of mere form, but one of substance; that it contemplates the guidance of a responsible, capable lawyer devoted to his clients interests.

"This right, however, is not wholly unrestrained. An indigent defendant may not compel the court to appoint such counsel as defendant may choose. Such appointment lies within the sound discretion of the trial court (*Tibbett v. Hand*, 294 F. 2d 68 [C. A. 10]). Likewise, whether the dissatisfaction of an indigent accused with his court-appointed counsel warrants discharge of that counsel and appointment of new counsel is for the trial court, in its discretion, to decide (*United States v. Burkeen*, 355 F. 2d 241 [C. A. 6]. . . ." (l. c. 477.)

In the *Walker* case, the appellant gave as his reason for dissatisfaction his counsel's "impression" that he was guilty and that counsel did not want to give him "proper defense." It was held there was no abuse of discretion in the district court's ruling denying the appellant's request to discharge appointed counsel. Here, the appellant alleged his counsel "evinced no interest in defendant's case." The record shows otherwise and under the circumstances

we find no abuse of discretion in the court's ruling on October 16, overruling the appellant's request to dismiss Mr. Austin. The appellant's substantial rights were in no way prejudiced. See *Reickauer v. Cunningham,* 299 F. 2d 170, 172, cert. den. 371 U. S. 866, 9 L. Ed. 2d 103, 83 S. Ct. 127, rehearing denied 375 U. S. 874, 11 L. Ed. 2d 105, 84 S. Ct. 31; *Betts v. Brady,* 316 U. S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252.

Appellant lastly complains the district court erred in denying his motion to reduce bail, and further complains the *voir dire* examination was not recorded by the official court reporter. Neither point is well taken. The purpose of bail is to insure the presence of the prisoner at a future hearing and the amount to be required in each case rests in the sound discretion of the presiding magistrate. (*Craig v. State,* 198 Kan. 39, 422 P. 2d 955.) The appellant, in the presence of his appointed counsel, voluntarily and understandably entered pleas of guilty to the charges alleged against him, and he was not tried by a jury. Where a person accused of crime enters a plea of guilty, he is deemed to have waived irregularities which may have occurred in the proceedings prior thereto. Any so-called "irregularities" pertaining to reduction of bail is waived where a defendant in a criminal proceeding enters a voluntary plea of guilty in the district court. (*State v. Kilpatrick,* 201 Kan. 6, 439 P. 2d 99.)

No error appearing, the judgment is affirmed.