No. 45,739

OSCAR GLENN LEE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(461 P. 2d 794)

Opinion filed December 6, 1969.

*Tom Boone,* of Leavenworth argued the cause and was on the brief for the appellant.

*John C. Tillotson,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order denying relief on petitioner's motion filed pursuant to K. S. A. 60-1507. Petitioner's motion attacks a sentence for a term of not exceeding three years imposed after a plea of guilty to the offense of escaping from the Kansas State Penitentiary. (K. S. A. 21-734.)

Counsel was appointed and petitioner was afforded an evidentiary hearing.

After hearing the evidence, the trial court entered findings and conclusions adverse to petitioner.

Petitioner then perfected this appeal specifying two points, neither of which has merit.

Petitioner claims the trial court erroneously found his plea of guilty to be a voluntary act and further erred in finding the evidence failed to establish the infringement of petitioner's constitutional rights. There is ample evidence to support the trial court's findings with respect to both claims of petitioner.

Because of the brevity of the abstract, filed by petitioner and the failure of the state to file a counter-abstract, we have secured the court reporter's complete transcript of the 60-1507 proceedings.

Petitioner testified "I knew I was guilty;" further that he entered his plea because he knew he was guilty; had no hope of defeating

the charge by a jury trial; and he wanted to escape sentencing under the Habitual Criminal Act.

The record discloses petitioner escaped from the penitentiary on January 15, 1965, and was returned on May 7, 1965. On his return petitioner was confined in the segregation and isolation building where he remained until September 19, 1966. Petitioner entered his plea and was sentenced on November 2, 1965.

Following his return to the penitentiary on May 7, 1965, and the filing of the escape charge, counsel was appointed for petitioner. Petitioner's testimony and correspondence with his attorney, which was introduced by petitioner at his 60-1507 hearing, indicate that, following his appointment, petitioner's attorney commenced negotiations with the county attorney. Apparently, the county attorney agreed to reduce the charge from breaking prison (K. S. A. 21-732 and 733) to escaping without breaking (21-734) and, further, not to invoke the Habitual Criminal Act to which petitioner admits he was subject. It appears petitioner decided to enter his plea because he was satisfied with these arrangements; and he should have been pleased because the sentence imposed was the absolute minimum under the circumstances.

There is nothing in the record which indicates a violation of the guidelines governing plea discussions set forth in *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22.

Petitioner was confined in isolation and segregation for some six months prior to entering his plea of guilty. His statements to the court at allocution, notwithstanding, petitioner now claims confinement amounted to coercion in violation of his constitutional rights. However, his own testimony indicates his plea was prompted by other considerations.

Concerning confinement in isolation and segregation what is said in *Davis v. State,* 204 Kan. 372, 461 P. 2d 812; *Knight v. State,* 203 Kan. 652, 455 P. 2d 578, and *State v. Jenkins,* 197 Kan. 651, 421 P. 2d 33, is applicable.

We find no reason on any of the grounds urged to disturb the trial court's judgment and it is affirmed.