No. 45,757

DONALD EUGENE DAVIS, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(461 P. 2d 812)

Opinion filed December 6, 1969.

*Robert D. Beall*, of Leavenworth, argued the cause, and was on the brief for the appellant.

*John C. Tillotson*, county attorney, argued the cause, and *Kent Frizzell*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: In a bid for postconviction relief under K. S. A. 60-1507, petitioner Donald Eugene Davis has appealed from the order of the district court denying his motion after an evidentiary hearing.

Two grounds are urged as the basis for setting aside petitioner's pleas of guilty to the offenses of murder in the first degree and attempted escape from the penitentiary by force or violence: his pleas were coerced and involuntary, and he was denied the effective assistance of counsel.

The offenses occurred in the state penitentiary June 20, 1954, when petitioner and five other inmates, while attempting to escape, shot and killed a guard. All six men were charged. The first case tried was that of Henry Parker and resulted in his being found guilty by a jury on November 9, 1954. Six days later the cases of the other men, which included that of the petitioner, were called for trial. Each was represented by individual counsel. The parties proceeded to select a jury, but before the selection had been completed, the court recessed for lunch. At the beginning of the afternoon session petitioner and his codefendants asked, and were given leave, to withdraw their pleas of not guilty, and entered pleas of

guilty to the offenses alleged in the information. After the court heard evidence pertaining to the homicide, and arguments of counsel, each of the defendants was afforded an allocution. The petitioner, stating there was no legal cause or reason why judgment and sentence should not be pronounced, was sentenced to life imprisonment on the murder charge and not exceeding five years on the escape offense.

Two of the codefendants have unsuccessfully attacked their sentences by 60-1507 proceedings. (See, *Knight v. State*, 203 Kan. 652, 455 P. 2d 578, and *Rollins v. State*, 200 Kan. 695, 438 P. 2d 99.) The factual backgrounds of those cases are identical with that of the instant case.

With the exception of the uncorroborated testimony of petitioner that he was threatened with being "hung," petitioner here, just as in *Knight*, contends his pleas of guilty were coerced and involuntary because of his confinement for six months prior thereto in the segregation and isolation building at the penitentiary where he was on short rations, without clothing, and was compelled to sleep on concrete floors. Petitioner offered no evidence that his change of plea was induced by any promises that his place of confinement would be changed. What was said and held in disposing of the same contention in *Knight* applies with equal force here. In addition, we view petitioner's assertion that he was threatened with being hanged if he did not plead guilty as no more than a clear choice of alternatives which any defendant faces where, if convicted, there are several possibilities of punishment. Whether he pleaded guilty or not, the court (or jury) had the responsibility of imposing either the death sentence or life imprisonment in the event of conviction. A plea of guilty to a charge of first degree murder in no way forestalls the possibility that the district court, after hearing evidence, will inflict the death penalty. (See, *State v. Kilpatrick*, 201 Kan. 6, 439 P. 2d 99; *State v. Miller*, 165 Kan. 228, 194 P. 2d 498.) The choice of pleading guilty or standing trial was for the petitioner after consultation with his counsel. In exercising that choice, petitioner could well have taken into consideration the possibility that the death sentence would not be imposed; but that alone in no way amounted to coercion which would vitiate his pleas of guilty. (*Whaley v. State*, 202 Kan. 175, 446 P. 2d 397; *Stiles v. State*, 201 Kan. 387, 440 P. 2d 592.) We find nothing in the record to justify our disturbing the trial court's deter-

mination that petitioner's pleas of guilty were freely and voluntarily entered.

Likewise, we find no merit in petitioner's further claim he was denied the effective assistance of counsel because he had only fifteen minutes to consult with his attorney prior to entering his pleas of guilty. The record discloses that counsel was appointed more than two months prior to trial. Thereafter, pleas of not guilty were entered, and the case had proceeded to trial. During the afternoon of the first day of trial petitioner and his codefendants entered their separate pleas of guilty. The purpose of the allocution given the petitioner prior to sentence was to afford him the opportunity to present any complaint which would impugn the integrity of the proceedings that had transpired up to that time. (*Knight v. State,* supra; *Craig v. State,* 198 Kan. 39, 422 P. 2d 955; *Walsh v. State,* 195 Kan. 527, 407 P. 2d 516.) The record nowhere indicates that petitioner requested more time to confer with his attorney, nor is there any suggestion that such a request was made of counsel. No hint is given that petitioner and his attorney had not had a fair opportunity to discuss the case, including the exploration of various tactics that might lead to less severe punishment. In fact, counsel's recommendation of life imprisonment for petitioner as well as the other codefendants proved successful, for the trial court imposed the lesser of the two penalties authorized by the statute. The adequacy of an attorney's services to his client must be gauged by the totality of his representation. (*Wright v. State,* 199 Kan. 136, 427 P. 2d 611; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. denied 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) We find nothing reflecting adversely upon counsel's competency or the adequacy of his efforts in behalf of his client.

The judgment is affirmed.