No. 45,901

AL YOUNG, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(478 P. 2d 194)

Opinion filed December 12, 1970.

*Basil C. Marhofer*, of Ness City, argued the cause, and was on the brief for appellant.

*Tom Fiegel*, county attorney, argued the cause, and *Kent Frizzell*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This case grows out of what essentially was a K. S. A. 60-1507 proceeding initiated by the petitioner, Al Young. After a full evidentiary hearing, the district court denied relief, and petitioner has perfected his appeal.

On November 7, 1967, petitioner, with his retained counsel, Paul B. Watson, appeared before the district court of Ness County and entered a plea of guilty to the charge of burglary in the third degree (K. S. A. 21-521). Sentence was duly imposed for a term not to exceed five years in the state penitentiary. The judgment and sentence were challenged by a *pro se* motion on July 23, 1968. The pleading was inadvertently filed in another case and did not receive the attention of the district court until approximately four months later. Thereupon, present counsel was appointed, a hearing held, and an order entered denying the motion.

Three points are raised for our consideration.

Petitioner contends there was no probable cause for the issuance of a warrant for his arrest. The question was not presented to the district court, and consequently, we will not consider the matter for the first time on appeal. (*State v. Blair,* 197 Kan. 693, 421 P. 2d 32; *Tate v. State,* 196 Kan. 435, 411 P. 2d 661.) Even if the point were properly before us, it has no merit. Any irregularity concerning petitioner's arrest was waived by his plea of guilty. (*Stiles v. State,* 201 Kan. 387, 440 P. 2d 592.) Moreover, an unlawful arrest does not deprive a court of jurisdiction to try the accused or accept his plea of guilty, nor does it alone invalidate a subsequent conviction. (*State v. Addington,* 205 Kan. 640, 472 P. 2d 225; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

Petitioner next complains that since the state based its prosecution on a statement given by one Gerald Milner, who had not been properly advised of his constitutional rights, petitioner's conviction was fatally tainted under the "fruit of the poisonous tree" doctrine. The identical argument was made and rejected in *State v. Kilpatrick,* 201 Kan. 6, 439 P. 2d 99. There we said:

"Where the accused in a criminal proceeding enters a plea of guilty, he cannot be heard to say the 'confession' of an accomplice which led to his arrest and the discovery of evidence was illegal." (Syl. 5.)

Petitioner finally urges that his incarceration in the county jail for forty-five days awaiting trial constituted "mental coercion" and rendered his plea of guilty involuntary. Other than petitioner's bald assertion, there is nothing in the record to indicate that his plea was coerced in any way. We have held that confinement alone is not sufficient to disturb a trial court's determination that a plea of guilty was freely and voluntarily made. (*Davis v. State,* 204 Kan. 372, 461 P. 2d 812; *Lee v. State,* 204 Kan. 364, 461 P. 2d 794; *Knight v. State,* 203 Kan. 652, 455 P. 2d 578.) Furthermore, there is no showing that petitioner's substantial rights were prejudiced by his pretrial confinement. In fact, he was given credit at the time of sentencing for the period spent in jail.

The judgment of the district court denying the motion for post-conviction relief is affirmed.