No. 45,984

STATE OF KANSAS, *Appellee*, v. GEORGE R. KENNELLY, *Appellant*.

(485 P. 2d 179)

Opinion filed May 15, 1971.

*Laurence S. Holmes,* of Wichita, argued the cause, and *T. L. O'Hara,* of Wichita, was with him on the brief for appellant.

*James W. Wilson,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant, George R. Kennelly, entered pleas of guilty to three counts in the Information. Count One charged murder in the first degree (K. S. A. 21-401); Count Two charged forcible rape (K. S. A. 21-424), and Count Three charged grand larceny (K. S. A. 21-533). The district court heard evidence pursuant to K. S. A. 21-403, and sentenced the appellant to life imprisonment.

On June 19, 1969, at approximately 8:00 a. m., the appellant entered the living quarters of his landlady, Mrs. Turner, and took $5,300 from her purse which was in the living room. Mrs. Turner entered from an adjacent room and was thereupon assaulted and struck upon the head. She was then taken to the bedroom and raped, and choked to death.

On July 1, 1969, appellant was arrested in Spokane, Washington,

for armed robbery. On July 11, 1969, he was returned to Kansas on a warrant charging grand larceny, and was interviewed by Wichita and Sedgwick County police. The appellant gave a full and complete electronically recorded statement of the crimes committed in Wichita, and which were charged in the Information. Prior to interrogation and confession, the appellant was given each of the *Miranda* warnings, and expressed an understanding of his rights and his desire to talk with the police.

On August 11, 1969, after preliminary hearing before the Court of Common Pleas, the appellant was bound over to appear in the district court on the first day of the next term, to answer the charges alleged against him. On August 15, 1969, an Information was filed in the district court charging the aforementioned offenses, and on August 19, 1969, the appellant was formally arraigned by the Honorable Howard C. Kline, judge of the district court. The same counsel who was appointed to represent the appellant at his preliminary hearing was reappointed to represent him in the district court.

On September 23, 1969, the district court on its own motion appointed a commission to examine the appellant and it was determined he was competent to stand trial.

On October 15, 1969, the appellant appeared with his attorney and entered a plea of guilty to each of the three counts contained in the Information.

The appellant here contends the district court erred in accepting his pleas of guilty without first determining whether he was aware of the consequences of his pleas. He further contends the district court should have inquired of him as to the number of years he expected to serve for the crimes committed, and that the court should have requested him to recite in his own words the acts he committed which he thought would render him guilty.

At the hearing of appellant's pleas of guilty, the following proceedings took place before the Honorable Tom Raum, judge of Sedgwick district court:

"THE COURT: All right. To establish for the record, you are George Rolland Kennelly?

"THE DEFENDANT: Yes, sir.

"THE COURT: That is your correct name?

"THE DEFENDANT: Yes, sir.

"THE COURT: You may let the record show the defendant is present in Court with his attorney, Mr. Royce Wallace. The State is represented at this hearing

by Mr. Keith Sanborn, County Attorney for Sedgwick County, Kansas, and Mr. Russell Grant, Deputy County attorney for Sedgwick County, Kansas."

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"[THE COURT:] Mr. Kennelly, although you have been formally arraigned, the Court will inform you once again that you are charged in the Information filed by the State in Count I with the offense of murder in the first degree in violation of Section 21-401, Kansas Statutes Annotated.

"In Count II of the Information, you are charged with the offense of forcible rape in violation of Section 21-424, Kansas Statutes Annotated.

"And in Count III of the Information, you are charged with the offense of grand larceny in violation of Section 21-533, Kansas Statutes Annotated.

"Now you have discussed each one of these charges with your attorney Mr. Wallace?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Do you understand, after discussing it with your attorney, fully what you are charged with?

"THE DEFENDANT: Yes, sir.

"THE COURT: In each count?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have any question at all about the nature of any of these charges pending against you?

"THE DEFENDANT: No.

"THE COURT: Mr. Wallace has informed the Court that you wish to enter a plea of guilty to each of these charges as set forth in the Information. You have also discussed your plea with your attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: After discussing it with him, are you fully aware of the consequences of that plea?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are aware that you are entitled to a jury trial in this case?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And you are aware of the fact that you are not required to testify against youself or to testify, take the stand in this jury trial?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that in the event of a conviction that you would have the right to appeal to the Supreme Court?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You understand that in that appeal, if you could not afford counsel that the Court would appoint an attorney to represent you on your appeal?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And do you understand that the Court would furnish you with a copy of the transcript—

"THE DEFENDANT: Yes, Your Honor.

"THE COURT:—for purposes of that appeal? You understand that you have a right to confront your accusers in this case?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: All right. You have discussed all of these matters with your attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Now, after your attorney has informed me that you wish to enter a plea of guilty in each of these counts, I will ask you: Is that what you personally wish to do?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: This is your individual decision in each of these counts?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: The Court asks you: Do you plead guilty because you are guilty?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Have any threats or promises been made to you to induce your plea?

"THE DEFENDANT: No.

"THE COURT: In any of these counts?

"THE DEFENDANT: No, sir.

"THE COURT: Do you have any legal cause why sentence should not be imposed?

"THE DEFENDANT: No, sir.

"THE COURT: Is there anything you wish to add, Mr. Wallace, for the record?

"MR. WALLACE: No; I believe the Court has covered all of the things that I desired to be covered."

The purpose of the allocution is to afford the accused the opportunity to present any complaint he may have against the integrity of the proceedings. (*Davis v. State,* 204 Kan. 372, 461 P. 2d 812; *Knight v. State,* 203 Kan. 652, 455 P. 2d 578.) Likewise, a plea of guilty in order to be valid must be freely, knowingly, and understandingly made. Otherwise it violates the constitutional guarantee of due process and is void. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.) However, it is not error for the district court to accept a plea of guilty where the appellant advised the court he understood the charges and discussed the consequences of his plea with his counsel. (*State v. Washington,* 198 Kan. 275, 424 P. 2d 478.) It is universally accepted that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and is legally the most formal and binding confession possible for him to make. (*McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *State v. Way,* 204 Kan. 375, 377, 461 P. 2d 820.)

While the appellant complains his rights were violated during questioning and confession, it is well settled that when a judgment and sentence are entered upon a plea of guilty, there can be no review of the sufficiency of the evidence. Any question of ad-

missibility is waived by entry of a plea of guilty. (*Toland v. State,* 200 Kan. 184, 434 P. 2d 550; *Call v. State,* 195 Kan. 688, 690, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.)

The appellant's claim he was not properly represented by his appointed counsel is without merit. The burden of showing denial of effective assistance of counsel to the extent necessary to overcome the presumption of regularity of the conviction, is upon the defendant. (*State v. Hemminger,* 203 Kan. 868, 457 P. 2d 141, cert. den. 396 U. S. 1045, 24 L. Ed. 2d 689, 90 S. Ct. 696.) The appellant was represented by a competent and experienced attorney, who advised him of the nature of the charges against him and the penalties which might be imposed, and adequately represented him at all stages of the proceedings, including the allocution. The appellant stated he had full opportunity to confer with his counsel and that he understood the nature of the charges and the proceedings against him. There is absolutely nothing in the record to indicate the appellant's pleas of guilty were not voluntarily and understandingly made, or that he was not diligently represented by counsel at all stages of the proceedings.

The appellant lastly complains of the district court's failure to complete the transcript by including the tape recording of questioning and confession. It is contended that by omission of such evidence from the transcript, this court cannot properly judge the correctness of the district court's ruling in admitting the recording into evidence. The point is not well taken. In the first place, the appellant has made no showing of any need to have the recording transcribed into the record. Moreover, the police officer who made the recording of the questioning and confession knew its contents and testified at length as to its nature and purport. This evidence had no bearing upon the appellant's guilt, but was heard by the district court pursuant to K. S. A. 21-403, to determine the sentence to be imposed upon conviction of murder in the first degree.

The appellant stands convicted upon his voluntary pleas of guilty, and not upon his taped confession. Moreover, irregularities, if any, occurring after a plea of guilty cannot affect an otherwise valid plea. No prejudice to the appellant's substantial rights have been made to appear, and the judgment is affirmed.