No. 46,605

RICHARD LEE McCARTHER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(505 P. 2d 773)

Opinion filed January 20, 1973.

*Greer Gsell*, of Wichita, was on the brief for the appellant.

*Keith Sanborn*, county attorney, *Mark F. Anderson*, deputy county attorney, and *Vern Miller*, attorney general, were on the brief for the appellee.

*Per Curiam:* This is an appeal from an order denying a motion filed pursuant to K. S. A. 60-1507 to vacate a judgment.

On November 28, 1962, the petitioner, with counsel, appeared before the district court of Sedgwick County and, after waiving the formal reading of the information, pleaded guilty to a charge of third degree burglary. The burglary was of a filling station owned by one Frank Hoy, who was himself later sentenced to a life term at Lansing and who testified for petitioner at the hearing below. Defendant had waived preliminary hearing on August 20, 1962, with retained counsel present. The court inquired of the defendant (petitioner here) if he pled guilty because he was guilty and received an affirmative reply. The court inquired if there was any reason why sentence should not be pronounced and he failed to show a reason. Petitioner was represented by retained counsel at the preliminary hearing and district court proceedings. No claim is made that counsel was not competent. Petitioner was sentenced to one to five years in the state reformatory at Hutchinson and even though it could have been properly used, the county attorney did not ask for the imposition of the habitual criminal act. Petitioner served his time and was released on December 11, 1966. No appeal has been taken from this action.

Petitioner sets forth four grounds on appeal:

(1) Absence of substantial evidence to show petitioner committed the crime of burglary.

(2) Absence of substantial evidence to show petitioner's guilty plea was voluntary.

(3) Denial of due process as trial court did not give impartial consideration to petitioner's evidence in support of his petition.

(4) The court erred in denying petitioner's motions for continuance and a rehearing on his petition, and for a new trial in the original action.

Once a plea has been entered there is no necessity to introduce any evidence to sustain the conviction. (*Jones v. State,* 207 Kan. 622, 625, 485 P. 2d 1349; *Dexter v. Crouse,* 192 Kan. 151, 152, 386 P. 2d 263.)

A plea of guilty is a confession of guilt of each of the crimes charged and of every fact alleged. (*State v. Kilpatrick,* 201 Kan. 6, 14, 439 P. 2d 99; *Hughes v. State,* 206 Kan. 515, 517, 479 P. 2d 850; *Dexter v. Crouse,* supra.)

In *Hughes v. State,* supra, the court said:

". . . [W]here judgment and sentence have been entered upon a plea of guilty, there can be no review of the sufficiency of the evidence in a 60-1507 proceeding." (p. 517.)

Petitioner's second point deals with an alleged coerced, involuntary plea. Evidence was offered that petitioner was interrogated for long hours, promised probable release if he admitted other crimes, and otherwise duped into entering a plea of guilty.

In *State v. Kennelly,* 207 Kan. 344, 347, 485 P. 2d 179, we said:

"The purpose of the allocution is to afford the accused the opportunity to present any complaint he may have against the integrity of the proceedings (*Davis v. State,* 204 Kan. 372, 461 P. 2d 812; *Knight v. State,* 203 Kan. 652, 455 P. 2d 578.) Likewise, a plea of guilty in order to be valid must be freely, knowingly, and understandingly made. Otherwise it violates the constitutional guarantee of due process and is void. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.) However, it is not error for the district court to accept a plea of guilty where the appellant advised the court he understood the charges and discussed the consequences of his plea with his counsel. (*State v. Washington,* 198 Kan. 275, 424 P. 2d 478.) It is universally accepted that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and is legally the most formal and binding confession possible for him to make. (*McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *State v. Way,* 204 Kan. 375, 377, 461 P. 2d 820.)"

The court below, after a full evidentiary hearing in which petitioner called witnesses, found:

". . . that at the time the petitioner entered his plea before this Court, along with his retained counsel, that there was no coercion, and that the plea was voluntarily made. . . ."

These findings are substantiated by the evidence.

Petitioner's third ground of appeal (denial of due process due to alleged failure of the trial court to consider the evidence in an

154

impartial manner at the 60-1507 hearing) is supported only by petitioner's review of his frequent appearances in Sedgwick district court, and the statement that petitioner is "notorious" in Sedgwick County. The attack upon the integrity of the trial court is wholly without merit. The district court's findings that the plea was voluntary are supported by competent evidence and since petitioner has not met his burden of proof the findings should not be disturbed on appeal. (*Jones v. State,* supra; *Cox v. State,* 205 Kan. 867, 473 P. 2d 106; *White v. State,* 203 Kan. 687, 690, 455 P. 2d 562.)

Petitioner's final ground that the court erred in denying motion for continuance and rehearing on petition and for a new trial was not argued by petitioner in his brief. This point appears to be frivolous. Thus, the trial court's exercise of discretion should not be reversed. (K. S. A. 1971 Supp. 22-3401; *Jackson v. State,* 204 Kan. 823, 465 P. 2d 927.)

The judgment of the lower court is affirmed.