NOT DESIGNATED FOR PUBLICATION

No. 116,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COBEN MCRAE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 9, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Coben McRae pled no contest to 10 counts of identity theft and 4 counts of criminal use of a financial card. Before sentencing, McRae moved to withdraw his plea, claiming that his defense counsel made additional promises not listed in the plea agreement. One alleged promise was that McRae would not be charged for crimes in other jurisdictions, including the federal government. Another alleged promise was that his personal property seized after his arrest would be returned to him. After an evidentiary hearing, the district court denied McRae's motion. On appeal, McRae

1

contends that the district court erred in denying his motion to withdraw plea. For the reasons stated below, we reject this argument. Accordingly, we affirm.

In September 2015, McRae and a codefendant flew from New York to Wichita, Kansas. While in Wichita, he obtained property by using fraudulently manufactured credit cards containing stolen financial information. He then delivered or attempted to deliver the illegally obtained property to Federal Express to be shipped out of the state. McRae was charged with eight counts, including three counts of felony theft, two counts of identity theft, and one count of attempted theft. In October 2015, the charges were significantly amended. The charges were amended to 45 total counts, consisting of 20 counts of identity theft, 21 counts of criminal use of a financial card, 2 counts of attempted use of a financial card, and 2 counts of theft.

During the pendency of his case, McRae was unable to make bail, which his attorney, Scott Anderson, had gotten reduced from $250,000 to $100,000. Following McRae's 7-day long preliminary hearing, McRae directed Anderson to enter into plea negotiations with the State. During negotiations, Anderson attempted to obtain a plea deal that included a provision that no other jurisdiction, including the federal government, would be allowed to file charges against McRae. The State negotiated an agreement that did not contain a provision regarding other jurisdictions and their rights to charge McRae. Instead, the agreement specifically stated that it was only between McRae and the Sedgwick County District Attorney's Office and addressed only the crimes committed in Sedgwick County. Under the terms of the plea agreement, McRae would plead no contest to 14 of the 45 counts. In exchange for his plea, the State would dismiss the remaining counts and recommend the higher number in the appropriate sentencing guideline grid box with the counts to run consecutive. McRae agreed to the terms of the plea agreement.

At the plea hearing, the district court thoroughly questioned McRae about himself, his plea, and the plea agreement. McRae affirmed that he had no questions about his

2

rights or what he had been charged with, that he had read and signed the plea form after discussing it with Anderson, and that he understood his plea of no contest would result in a finding of guilty for the enumerated offenses. When asked by the district court the following: "Have there been any threats or promises made to you other than these negotiations that I just read into the record?" McRae answered, "No."

Before sentencing, McRae moved pro se to withdraw his plea. During an evidentiary hearing on the matter, the district court heard testimony from both McRae and Anderson. McRae testified that Anderson "stressed the fact that if [McRae] [took] this plea, no other county, no other state, no other agency, no Feds . . . could come pick [McRae] up." Anderson testified that he went over the plea document with McRae and explained that the agreement would *not* prevent him from being charged outside Sedgwick County. McRae had since been charged with crimes by the federal government.

Another issue discussed at the evidentiary hearing was whether McRae was promised the return of his personal property. Anderson testified that during plea negotiations, he and the State had discussed the return of McRae's personal property. Anderson explained that under the proposed agreement, he would seek to have McRae's personal property returned to him at sentencing and the State agreed not to object to that request. Anderson further explained, however, that this agreement with the State concerning the return of McRae's personal property at sentencing was not part of McRae's plea agreement. McRae's counsel asked Anderson this question: "So your testimony is that outside of the plea agreement, the only promise that was made to McRae would have been the return of his own personal property that the State had in evidence?" Anderson answered, "Yes, sir." Other evidence admitted at the hearing established that although McRae's personal property was not specifically addressed in the plea agreement, McRae was aware that there was correspondence between Anderson and the State to have those items returned to him.

3

At the conclusion of the evidentiary hearing, the district court denied McRae's motion. Concerning McRae's personal property, the district court found that "[t]he return of personal property was specifically addressed in the plea agreement." Later, the district court sentenced McRae to 18 months' probation with an underlying prison term of 26 months and 12 months' postrelease supervision. McRae timely appealed.

*Did the District Court Err by Denying McRae's Motion to Withdraw Plea?*

A plea of guilty or no contest may be accepted by the district court only if the defendant's "plea is made voluntarily with the understanding of the nature of the charge and the consequences of the plea." K.S.A. 2016 Supp. 22-3210(a)(3). "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2016 Supp. 22-3210(d)(1). To establish that a district court erred by denying a presentencing motion to withdraw pleas, a defendant must establish that the district court abused its discretion. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). An abuse of discretion occurs if no reasonable person would take the view adopted by the district court or if the decision was based on an error of law or fact. 305 Kan. at 449.

In *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), our Supreme Court held that in considering whether to grant a motion to withdraw a guilty or no contest plea under K.S.A. 2004 Supp. 22-3210(d), "the [district] court should evaluate whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.' [Citations omitted.]" The preceding factors are "'viable benchmarks'" that the court should consider when determining whether good cause exists. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016). Good cause can be found without all of the *Edgar* factors applying in the defendant's favor and in particular cases,

4

other relevant factors should be considered. 305 Kan. at 588; *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010).

McRae argues that good cause was provided in his motion to withdraw plea, therefore making the denial of his motion an abuse of discretion by the district court. He relies on the second and third *Edgar* factors in making this argument. McRae asserts that Anderson advised him that he could not be prosecuted in other jurisdictions if he took the plea agreement. McRae asserts that Anderson's alleged promise made him misunderstand the consequences of entering into the plea agreement. Anderson denied making such a promise to McRae and, instead, testified that he explained the possibility of other charges being brought against him. The district court made a finding that Anderson's testimony was more credible than McRae's testimony.

This court does not reweigh the district court's credibility findings. *State v. Reu-El*, 306 Kan. 460, 472, 394 P.3d 884 (2017).  In light of the district court's credibility finding, McRae's claim that a promise was made to him that no other charges could be filed against him fails. Moreover, McRae attested that no other promise or threat had been made to him before the district court's acceptance of his plea.

McRae also argues that his inability to make bail coerced his no contest plea. McRae's bail was reduced from $250,000 to $100,000. Even so, McRae argues bail should have been reduced even further. Bail, however, is determined on a case-by-case basis and is within the discretion of the presiding magistrate. See *State v. Way*, 204 Kan. 375, 380, 461 P.2d 820 (1969). The district court was reasonable in deciding that this argument did not amount to a showing of good cause to withdraw McRae's plea.

Finally, McRae argues that the district court relied on a mistake of fact in deciding to deny his motion to withdraw his plea. The mistake of fact concerns the return of

5

McRae's personal property. The personal items at issue are McRae's clothing, shoes, and possibly his personal cell phone.

McRae argues that "[t]he district court's finding that all promises were contained in the plea agreement was a mistake of fact." Though this is not the exact language the district court used at the evidentiary hearing, the district court unambiguously found that "the return of personal property was specifically addressed in the plea agreement." Both the State and McRae agree that this statement is incorrect.

The plea agreement's waiver of seized property states:

> "Defendant agrees to waive any and all rights or claims of interest in all property confiscated and located in this case by law enforcement, including, but not limited to, computers, IPads, cellular phones, electronics, music accessories, CDs, DVDs, clothing, shoes, jewelry, credit cards, debit cards, gift cards, printers, as well as the contents of the rental car in which Defendants were arrested and Room 114 of the Hawthorne Suites."

The State clarified that the language in this section "clearly referenced property that was confiscated as instruments or fruits of the crimes and was silent as to defendant's personal property." If that is so, the district court did rely on a mistake of fact in making its decision to deny McRae's motion. The finding that "[t]he return of personal property was specifically addressed in the plea agreement" would be incorrect. The court's finding regarding the personal property, however, does not affect the soundness of its judgment. McRae's personal property argument does not rise to a showing of good cause.

During plea negotiations, the State agreed to allow Anderson to seek the return of McRae's personal property at sentencing. Meaning, the State would not object to this request at sentencing. Before accepting the plea agreement, McRae knew about this correspondence between Anderson and the State about having his personal items returned. Thus, McRae would have been aware of the fact the return of his personal items

was missing from the plea agreement when he entered into it. Further, his responses at the plea hearing indicate that he understood the terms of his plea and understood that any prior negotiations regarding the return of his property in the correspondence between Anderson and the State about his personal property did not constitute part of his plea agreement. Moreover, when asked, McRae told the district court that there were no promises made to him outside the terms of the plea agreement. As a result, regardless of any misstatement of fact, the evidence does not support that the promise of returning McRae's property was used to mislead or to coerce McRae, nor did it cause him to misunderstand his plea.

Additionally, the return of the personal property was not argued by McRae as being a significant reason for his acceptance of the plea agreement. In fact, in McRae's pro se motion to withdraw his plea, he mentioned the promise to return his personal property, but he then argued that "[s]olely due to the promise of no further prosecution and feeling unable to meet an excessive bail, the defendant agreed to th[e] plea agreement." McRae's desire to have his clothing and shoes returned to him does not demonstrate good cause to withdraw his plea.

In summary, the district court did not err in denying McRae's motion to withdraw plea. McRae failed to provide the district court with good cause to withdraw his plea. McRae was not misled, coerced, mistreated, or unfairly taken advantage of and his plea was fairly and understandingly made. As a result, McRae's argument fails.

Affirmed.